. [Waugh v. Burket et al.]

3 G    319
27 SC ¹586

## Waugh *versus* Burket et al.

1. An execution on a judgment on attachment under the 27th section of the act July 12th, 1842, abolishing imprisonment for debt, is subject to the exemption law if the original judgment was on a contract.

2. A demand of exemption made on behalf of an absent debtor by his wife and counsel, entitles him to the statutory exemption.

ERROR to Common Pleas of *Schuylkill County.*
Opinion by
WOODWARD, J.—The exemption law is grounded on "judgments obtained upon contract, and upon distress for rent." In *Gangwere's Appeal,* 12 Casey, 469, we took occasion to define this expression, "judgments obtained on contracts," as pointing to the elementary distinction between actions *ex contractu* and actions *ex delicto,* and as meaning the former and not the latter class of actions.

The claim to exemption set up in this case rests on a judgment in an action *ex contractu.* The transcript of the justice's docket shows that Leonard's suit was for goods sold and delivered. The judgment, which was by default, was of the nature of the action. There was no trace of a tort in it.

Then why should not the defendant have the exemption? Because, say counsel, Leonard's suit was a proceeding by attachment under the 27th section of the act of 12th July, 1842, for abolishing imprisonment for debt—that it was a proceeding *in rem,* and that it was founded on the fraud of the debtor in concealing his property.

The answer to this is, that the attachment of a debtor's goods given by that section is the equivalent or substitute for the *capias ad respondendum* which the act of 1842 abolished. It was designed to compel the appearance of an absconding or dishonest debtor to answer the suit of his creditor, in the same manner as foreign attachment compels the appearance of a non-resident debtor. But the suit to be answered in this case was founded upon contract, and it is that circumstance, not the character of the *mesne* process employed, which determines the defendant's right to exemption. However the justice's jurisdiction attached, whether by summons, capias, or attachment, if he rendered a judgment on a contract, the execution issued thereon was subject to the exemption law. When it has been said that the exemption law was not intended for dishonest debtors, the reference has not been to debtors against whom process under the act of 1842 might happen to lie, but to those who equivocate about the ownership of their property, with a

view of embarrassing and deceiving sheriffs and constables charged with the collection of debts.

The only other reason suggested for denying Waugh the benefit of the exemption law, is, that he was not present to claim it himself, and that in his absence a valid claim could not be preferred by his wife and Mr. Roseberry, his counsel.

This is a mistake. The principle ruled in *Wilson* v. *McElroy*, 8 C. 84, is sufficient to maintain the demand that was made here. That a demand made in behalf of an absent debtor, by his wife and his counsel, entitles him to the statutory exemption, is not to be doubted.

It follows from thus setting aside the reasons urged against the exemption, that the court was wrong in entering judgment for the defendant *non obstante veredicto*, and it is accordingly reversed, and judgment is now entered here for the plaintiff upon the verdict.