# Meitzler's Appeal.

1. The wife or a member of the family of an absent defendant in an execution may claim his exemption for him.

2. There was conflicting evidence before an auditor, whether at the time of the levy the wife of an absent defendant had made a claim for the exemption, no appraisement was made under the claim. The auditor holding that if the claim had been made by the wife, the remedy was by action against the sheriff, declined to decide the question of the claim. *Held* to be error, and the record was remanded with directions to refer the matter to an auditor to determine the facts.

March 18th 1873.    Before READ, C. J., AGNEW, SHARSWOOD, and MERCUR, JJ.    WILLIAMS, J., at Nisi Prius.

Appeal from the Court of Common Pleas of *Lehigh county :* Of January Term 1873.  No. 261.  In the distribution of the proceeds of the sheriff's sale of the real estate of William Meitzler, under an execution in which Trexler & Meitzler were plaintiffs.

The distribution was referred to John Rupp, Esquire, as auditor.

He reported that the fi. fa. was returnable to April Term 1872. On the 5th of April the land was condemned; on the 10th of April the vend. ex. was issued and the property was advertised for sale; on the 25th of April the defendant made a written claim on the sheriff for the benefit of the exemption laws; on the 1st of May, four days before the sale, an appraisement was made, the personal property appraised at $18.25, and the appraisers reported that the real estate could not be divided without spoiling the whole.  The property was bought by the plaintiffs at the sheriff's sale, for $325, and $255.63 ruled into court.

He further reported that the wife of the defendant swore positively at the hearing before him, that when the sheriff made the levy, her husband was absent from home, and she made the claim for the benefit of the exemption law; the mother of the defendant testified that she was present when the levy was made, and heard the wife make the claim of the sheriff.  The sheriff testified that no such claim was made on him.

He further said in his report that, in the view he took "of the case, it is an immaterial question whether any claim at all was made at the time the levy was made.  This obviates the necessity of deciding the question of credibility between the witnesses. Whether any claim was made by the wife or not, the sheriff entirely disregarded it, and made no appraisement, but went on to condemn the property.  Where a claim for the benefit of the exemption laws is made, and the sheriff disregards it, and neglects to make an appraisement, as he did in this case (if the claim was ever made), the defendant is not entitled to the benefit of the exemption laws out of the proceeds of sale, but his only remedy is against the sheriff in an action for damages.  This has frequently

been ruled by the courts.   The claim made on the 25th of April, after the property had been condemned and a vend. ex. issued, was clearly too late, and was the same as no claim at all.   This is so well established that no authorities are needed to sustain it. That the appraisement made in this case on the 1st day of May was void has lately been ruled by this court in the case of Kriebel *et al. v.* Seibert.   He has therefore rejected the claim of defendant for the exemption laws, and has distributed the fund in court to the lien-creditors, according to their priority, as per the annexed schedule."

After exceptions, the court confirmed the report of the auditor, and Meitzler appealed to the Supreme Court, assigning the decree of confirmation for error.

*L. Smoyer* and *E. Holben*, for appellant, cited Wilson *v.* Mc-Elroy, 8 Casey 82; Waugh *v.* Buckel, 3 Grant 319; McCarthy's Appeal, 18 P. F. Smith 217.

*G. K. Wilson*, for appellees, cited Miller's Appeal, 4 Harris 303; Bowyer's Appeal, 9 Id. 213; Hammer *v.* Freese, 7 Id. 255; Wilson *v.* Ellis, 4 Casey 238; Freeman *v.* Smith, 6 Id. 264.

The opinion of the court was delivered, May 17th 1873, by

AGNEW, J.—It has been held repeatedly by this court that the wife, or a member of the family, of the defendant in an execution who is absent from home at the time of a levy on his property, may claim his exemption for him : Waugh *v.* Bucket *et al.*, 3 Grant 319; Wilson *v.* McIlroy, 8 Casey 82; McCarthy's Appeal, 18 P. F. Smith 217.   The reason of this is said to be a presumption of agency in such case for the debtor, who is absent, and incapable of protecting his interest, until it might be too late, and interfere with the execution of the writ; and the interest which the family of a debtor has in retaining the property that the law intends to secure to the family, as well as to the debtor himself.   Indeed, there are cases where the exemption has been denied to him, when it was manifest the interests of his family would fail to be promoted by its allowance : Hammer *v.* Freese, 7 Harris 555; Weaver's Appeal, 6 Harris 307.

In the present case, the demand of the benefit of the exemption made by the wife at the time of the levy, is proved clearly by two witnesses.   This was denied by the sheriff, who testified that not finding the defendant at home, he went after him, found him, and explained the object of his visit, and that the defendant made no claim of his exemption.   After the vend. ex. had been issued, and the property advertised, the defendant made a written request for the benefit of the exemption law, on the 25th of April, and an appraisement was made on the 1st day of May, four days before the sale; the appraisers having appraised personal property to the

[Meitzler's Appeal.]

value of $18.25, found that the real estate was worth more than the remainder, $281.75, but that the land could not be divided without prejudice.   The auditor declined to find the fact, whether the wife of the defendant had made the claim of exemption on the day of the levy, on the ground that the written claim came too late, being governed, as he states, by the decision of the court below in the case of Kriebel *v.* Seibert.   That decision has been reversed in an opinion just read.   We think the auditor, acting under this stress, erred in refusing to decide the question of claim. Had he done so, and found the claim of the exemption had been properly made by the wife on the day of levy, it would have brought the case within the principle of the decision just made in Seibert *v.* Kriebel *et al.*

> The decree of the court is therefore reversed, and the record remanded, with an order that the case be referred to an auditor to determine the facts necessary to make a final distribution of the fund, and the costs of this appeal are directed to be paid by the appellee.