## Case No. 4,738.

### In re FERGUSON.

[2 Hughes, 286;[1] 16 N. B. R. 530.]

District Court, E. D. Virginia. March 30, 1875.

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

HUGHES, District Judge. John A. Ferguson filed his petition here, on the 27th October, 1874, setting forth that he had received a discharge from his debts as a bankrupt on the 25th day of March, 1870; that after the issuing of said discharge a suit was brought against him, upon a debt contracted before his adjudication, in the circuit court of the county of Pittsylvania; that after being sued he placed his certificate of discharge in the hands of the attorney employed by him, to wit, R. H. Tredway, to be used in his defence; that the discharge was not filed (pleaded) by reason of the neglect of his said counsel, and judgment was in consequence obtained against him, at the May term of the said circuit court in 1874; that execution was issued thereon; that an injunction was applied for and obtained from the said circuit court, to stay proceedings; that with his bill praying for said injunction his discharge was filed as an exhibit; that the judge of the said circuit court of Pittsylvania, at the succeeding term of said court, dissolved the said injunction; and that execution again issued and was in the hands of the sheriff of Pittsylvania at the filing of this petition.

On the filing of the petition here, this, the court of bankruptcy which granted the discharge, granted a restraining order against all proceedings by the said sheriff until the further order of court; and a rule was given against the plaintiff in the said suit in the circuit court of Pittsylvania and the said sheriff, to show cause why the injunction should not be made perpetual. The parties are now before this court on the rule awarded as aforesaid, and on the answer of the said sheriff, who as administrator was also the plaintiff in the suit on which the executions issued. I should not have granted the restraining order upon the Pittsylvania sheriff, but for the frequency with which this question of the bankrupt's liability when he fails to plead his discharge, arises. The only question presented is, whether this court has jurisdiction to relieve against a judgment obtained against a bankrupt in a suit brought against him after his adjudication, in which, for any cause, he has failed to plead his discharge. Clearly it has not. The discharge in bankruptcy must be pleaded in suits upon debts existing before the bankruptcy, just as payment, or the statute of limitations, should be pleaded in proceedings where those pleas constitute the proper defences. If the bankrupt fails, from any cause, to interpose the discharge in bankruptcy, in the suit against him in the state court, this court will not relieve against the consequences of his own neglect. His proper recourse is in the court of law in which the suit was pending; or else by appeal from that court to one having appellate jurisdiction over it, which, in the present case, this court of course has not; or else by a bill of injunction in a state court of chancery.

There is but one view of the matter in

which this court could consider the question of relief against such a judgment as that complained of. By virtue of the district court of the United States, as a court of equity, having jurisdiction of matters connected with and growing out of bankruptcy proceedings, it might exercise the same jurisdiction to relieve from a judgment at law in a matter connected with bankruptcy which a state court of equity would have if the matter were not connected with bankruptcy.

Although not required in the present case to pass upon that question of jurisdiction, which is a very important one, I will assume for the sake of argument that this court would enjoin against the judgment at law complained of, if the facts of this case were such as to warrant it in doing so. In determining whether they are of that character my safest and most proper guide are the decisions of the court of highest resort of this commonwealth. The rulings of that court are so strongly against the exercise of such a jurisdiction, that I should feel bound to refuse to interfere if I were passing upon a bill of injunction brought on the chancery side of this court, rather than a petition in bankruptcy on its bankruptcy side.

The following are extracts from some of the decisions of the Virginia court of appeals on this subject. In Tapp's Adm'r v. Rankin, 9 Leigh, 478, that court said: "Although it may be manifest that great injustice has been done a defendant at law by the verdict and judgment against him, yet if this injustice had not been produced by any fraud, or surprise on the part of the plaintiff, but is the result either of the defendant's own negligence or of his counsel's ignorance or bad management, a court of equity can give him no relief."

In Meem v. Rucker, 10 Grat. 506, that court decided that an injunction to a judgment at law will not be sustained where the defendant at law has failed to make his defence at law, from ignorance of the nature of the proceeding against him, and a mistaken apprehension of the steps it was necessary to take in his defence, remarking: "Now, that a party to whom a day and an opportunity have been allowed to make his defence against a demand set up against him in a court of law, but who has wholly failed to avail himself of them, will not be entertained in a court of chancery on a bill seeking relief against the judgment which has been rendered against him in consequence of his default, upon grounds which might have been successfully taken in the court of law, unless some reason founded on fraud, accident, surprise, or some other adventitious circumstance beyond the control of the party, be shown why the defence was not made in that court, is a proposition which has been so repeatedly affirmed that it has become a principle and maxim of equity as well settled as any other whatever. It has been recognized and acted upon in very

numerous cases in this court as well of ancient as of recent date. The rule has its foundation in wisdom and sound policy. It springs out of the future necessity for prescribing some period at which litigation must cease; and I am utterly unable to appreciate the force or justness of the complaints, which, in view of its supposed harsh operation in particular cases, have sometimes been made against it. I think that private right and public interest alike require that it should be adhered to. So numerous indeed and so familiar are the cases in which this court has recognized the doctrine, that I deem it entirely unnecessary to cite them here."

Lee, J., in Meem v. Rucker, 10 Grat. 509, 510. In another case that court said: "A defendant upon whom process has been served, who wholly neglects his defence, or contents himself with employing a lawyer who practices in the court to defend him, without giving him any information about his defence, or inquiring whether he is attending to the case, is not entitled to relief on the ground of surprise, however grossly unjust the decree may appear to be." Hill v. Bowyer, 18 Grat. 382–386.

In another case, however, that court decided that where a defendant at law has been prevented from making his defence by the assurances or promises of the counsel of the plaintiff, equity will relieve him. 22 Grat. 136. For the grounds on which equity will or will not relieve against judgment at law, see Holland v. Trotter, Id. 136.

In Wallace v. Richmond, decided by the court of appeals of Virginia, as late as the 25th March, 1875, reported in 26 Grat. 67, which was on a bill in chancery to enjoin a judgment at law, that court again said: "It is true that after the writ was served on him he retained counsel to defend the suit, and informed him of the grounds of his defence, to wit, that he was sued as a partner of Black & Co., and was not and never was a partner or member of said firm, in any way liable for said debt. But he gave no further attention to the suit. It does not appear that he even spoke to his counsel on the subject or made any preparation for his defence; though he was probably at the place where the court was held during the term. His counsel entered no plea to set aside the office judgment, and made no defence whatever, and judgment went against him by default. His counsel says he examined the docket and saw no case upon it of 'Richmond, Assignee, v. Wallace.' He saw the case of 'Richmond, assignee, against Black & Co., but it never occurred to him that the appellant was sued in that case, and he did not look into the papers to see. Yet he had been informed by the appellant that he was sued as a member of that firm, and that his ground of defence was, that he was not and never had been a member of it; and he thinks he showed him a copy of the summons which had been

served on him. His counsel says he did not remember to have been shown a copy of the summons, and was not aware that the appellee was interested in that suit, else he would have looked into the papers and entered a plea. But a plea denying the partnership could not have availed for his defence unless verified by affidavit; but the defendant was not there to make affidavit to it. It seems to the court a plain case of negligence on the part of the appellant's attorney, not unmixed with fault or negligence on his part. And without deciding that mere inadvertence or forgetfulness on the part of the attorney would deprive a party of his right to relief in equity, where the defendant himself had used proper diligence and was chargeable with no laches, the court is of opinion that a court of equity could not interfere by injunction in this case, to restrain the execution of the judgment, and to give the appellant another trial, who has already had his day in court, without overturning the well-established rule in such cases."

Such are the decisions of the court of the highest resort in this state on the question of opening judgments obtained through the negligence of defendants or their attorneys. Even, therefore, if the court of bankruptcy had the right of a court of equity in such a case as that of this bankrupt, it would not interfere to relieve him against the laches of his counsel and himself.