## MOSES FREEHLING v. TIM BRESNAHAN.

*Exemption laws—Husband conclusively presumed to reside with his family—Where they occupy the old home with his consent—And there has been no separation between the parents—But he has voluntarily left home—Such absence cannot deprive family of rights under exemption laws in household goods.*

Where there has been no separation between a husband and wife, but he leaves home, and his family continue to occupy the family residence with his consent, he must, under the exemption laws, be conclusively presumed to reside with them; and he cannot, by such voluntary absence, deprive them of their rights in the enjoyment of the household property, nor would it cease to be "exempt" while so held.

Error to Muskegon.    (Russell, J.)    Argued May 12, 1886. Decided June 10, 1886.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*G. A. Wolf* (*H. J. Hoyt*, of counsel), for appellant.

*Ed. J. Smith* and *Nelson De Long*, for defendant.

CAMPBELL, C. J. Defendant, sheriff of Muskegon county, levied an attachment in favor of George E. Dowling and others, against one James M. Webster, who had previously lived in Montague, in that county, and whose family still lived there, upon a considerable amount of property, all or most of which would be exempt in favor of a resident householder. Freehling replevied it, under a transfer from Webster's wife and daughter, who themselves claimed under a bill of sale made by Webster to them in 1883, more than two years before the levy. Upon the back of this paper was pasted a certificate of acknowledgment purporting to be signed by an Illinois justice, September 19, 1885, concerning which there was no proof. The execution by Webster was proved to have been in June, 1883, and this was not contradicted by any evidence.

Upon the trial a principal controversy was concerning Webster's residence, and the exempt quality of the goods. There was also some stress laid before the jury upon Freehling's want of title. We can see nothing which justified the raising of any question before the jury concerning the date of Webster's transfer, whatever may have been its nature. The testimony introduced by defendant himself showed its execution in 1883. There was nothing to throw doubt upon this question. Even had it been shown that Webster acknowledged it in 1885, that would not of itself impugn it, as an acknowledgment of such a document is nugatory, so far as we have any information, under the laws of Illinois. The certificate does not prove itself, and the witnesses who proved the paper proved its earlier completion. It is not uncommon to acknowledge an existing paper to save the necessity of other proof.

If this property was exempt, then the defendant could not

rely on any question of fraud, because creditors cannot complain of any dealing with exempt property. Neither is it important whether the transfers were absolute or for security, because the transferees would be entitled to possession, and could transfer possession to their own grantees or mortgagees. The question comes back to the exemption, in case there was any right in Webster left.

There was no dispute but that he once resided in Montague, and that his family never ceased to reside there. He must, under the exemption laws, be conclusively presumed to reside where his family live with his consent, where there has been no separation between husband and wife, and where they occupy the old home. He could not, by his voluntary absence, deprive his family of their rights in the enjoyment of the household property, and it could not cease to be exempt while so held. The wife, as well as the husband, had recognized legal rights in it, and creditors cannot intermeddle with it.

This question of residence was not open to dispute on the evidence as it stood.

As the jury were allowed to treat as doubtful what we think was not so upon the undisputed facts, their verdict cannot be upheld.

The judgment must be reversed, and a new trial granted.

CHAMPLIN and MORSE, JJ., concurred.

SHERWOOD, J. I concur in the result.