## *In re* BURTON, Bankrupt.

*(District Court, W. D. Virginia.* September 24, 1886.)

1. **BANKRUPTCY—DISCHARGE—PURCHASE BY BANKRUPT OF HIS OWN DEBTS.**
   The discharge of a bankrupt, as a bar to the remedy for the recovery of the debt, is analogous to the bar of the statute of limitations,—neither destroys the debt, and both must be pleaded; and a purchase by a discharged bankrupt of his own debt operates to extinguish the debt, the characters of debtor and creditor meeting in one and the same person.

2. **SAME.**
   A bankrupt cannot purchase and take an assignment to himself of lien debts against his estate in bankruptcy, and collect the same for his own use out of assets in the hands of his assignee in bankruptcy, to the exclusion of subsequent lien-holders.

In Bankruptcy. On exceptions to reports of liens by special commissioner.

*Morris, Brown & Nowlin,* for creditors.

*Mr. Bocock* and *Kean & Kean,* for Burton, bankrupt.

PAUL, J. Special Commissioner William B. Tinsley, acting under decree entered October 1, 1884, made and filed, April 10, 1885, his report of liens and their priorities in this case. To this report exceptions were filed, and on the sixteenth of January, 1886, a decree was entered recommitting the report to said special commissioner, directing him to make certain amendments to his original report, and inquiries specially designated in said decree, and to report thereon. Said commissioner filed his amended report, March 11, 1886. In the amended as in the original report he reports in favor of E. J. Burton, the bankrupt, against his estate in the hands of the assignee in bankruptcy, the following liens:

No. 3. *John F. Slaughter* v. *E. J. Burton;* amount, $2,318.05. No. 4. *G. B. Martin* v. *E. J. Burton;* amount, $317.17. No. 5. *Poindexter's Adm'r* v. *E. J. Burton;* amount, $11,047.35.

The report shows the consideration for the assignment of these several debts to the bankrupt, E. J. Burton, to be as follows: For the Slaughter debt, $50; for the Martin debt, $100; and for the Poindexter's administrator debt, $382.50.

To the allowance by the commissioner of these liens in favor of said E. J. Burton, the bankrupt, exceptions are filed on behalf of other creditors of the bankrupt; the grounds of the exceptions being that the payment by the bankrupt to the holders of these several sums, and taking an assignment of these debts to himself, amounted to an extinguishment of these debts.

The question thus presented for decision, viz., can a bankrupt purchase and take an assignment to himself of lien debts against his estate in bankruptcy, and collect the same for his own use, out of assets in the hands of his assignee in bankruptcy, to the exclusion of subsequent lienholders? is one, so far as the court is informed, that has not been judicially settled. The court, therefore, is left in its determination to the guidance of general principles, rather than to the control of established precedents.

It is conceded that when the characters of debtor and creditor of the same debt become united in the same person the debt is extinguished. Says Pothier, (1 Poth. Obl. 607:)

"It is evident that, by the concurrence of the opposite characters of debtor and creditor in the same person, the two characters are mutually destroyed, for it is impossible to be both at once. A person can neither be his own creditor nor his own debtor. From hence, indirectly, results the extinction of the debt, when there is no other debtor; for as there can be no debt without a debtor, and the confusion having extinguished the character of debtor in the only person in whom it resided, and there being no longer any debtor, there cannot be any debt."

See Bouv. Law. Dict. "Confusion."

To avoid the application of this principle in the case now under consideration, counsel for Burton (the bankrupt) contend that he no longer stands in the relation of a debtor to his creditors; that, by virtue of the order of discharge in bankruptcy, the debt is discharged, so far as the bankrupt is personally liable; that he is no longer legally a debtor; that the discharge in bankruptcy destroys the personal liability of the debtor, and transmutes the debt into a lien on the estate in the hands of the assignee.

Is this position correct? Is the bankrupt's character of debtor so completely changed as to exempt him from the operation of the principle above quoted? Is he so completely freed from all obligation to pay his debts that his character of debtor is destroyed, and that he occupies the position of an indifferent third person, so that he can, for a valuable consideration, become the assignee of his own debts, and collect them in full out of assets which he has surrendered for the payment of

his debts, and this to the exclusion of subsequent lien-holders? We think the authorities are abundant to show that his character of debtor does not undergo such a change as is contended for here. The discharge amounts to nothing more, if properly pleaded, than a bar to the remedy for the collection of the debt. A discharge in bankruptcy, to be available as a defense, must be pleaded both in law and in equity, (*Fellows* v. *Hall*, 3 McLean, 281; *In re Ferguson*, 2 Hughes, 286; 13 Myers, Fed. Dec. 624; Bump, Bankr. [8th Ed.] 747; *Moyer* v. *Dewey*, 103 U. S. 301;) and the discharge is personal to the party to whom it is granted, (Id. 302.)

So far from the bankrupt's character of debtor being changed, or the debt being destroyed, by a discharge in bankruptcy, the obligation to pay continues, and so strong is this obligation that, without any new or additional consideration, a new promise to pay the debt is binding, and the debtor's discharge in bankruptcy is no defense against an action brought on the new promise. The discharge of a bankrupt, as a bar to the remedy for recovery of the debt, has often been held analogous to the bar of the statute of limitations. The defense is personal to the debtor. He may avail himself of it, and be relieved from the payment of the debt, but the possession of this power to defeat the remedy does not destroy the debt. Says Lord MANSFIELD in *Quantock* v. *England*, 5 Burr. 2630: "It is settled that the statute of limitations does not destroy the debt; it only takes away the remedy. The debtor may either take advantage of the remedy of the statute of limitations, if the debt be older than the time limited for bringing the action, or he may waive this advantage." The existence of the old demand is not determined by the lapse of period prescribed; it is only the right of action which is taken away. Hence the old debt constitutes a sufficient valuable consideration for the new promise. 4 Minor, Inst. pt. 1, 512; *Wetzell* v. *Bussard*, 11 Wheat. 309.

In *Campbell* v. *Holt*, 115 U. S. 620; S. C. 6 Sup. Ct. Rep. 209, Mr. Justice MILLER quotes from the opinion of Chief Justice ROBERTSON, (in *Smart* v. *Baugh*, 3 J. J. Marsh. 364,) in which he says:

"The statute of limitations does not destroy the right *in foro conscientiæ* to the benefit of *assumpsit*, but only bars the remedy. If the defendant chooses to rely on the bar, time does not pay the debt. * * * The statute of limitations does not destroy nor pay the debt. * * * This has been abundantly established by authority. * * * A debt barred by time is a sufficient consideration for a new promise. The statute of limitations only disqualifies the plaintiff to recover a debt by suit, if the defendant rely on time in his plea. It is a personal privilege, accorded by law for reasons of public expediency, and the privilege can only be asserted by plea."

And says Mr. Justice MILLER:

"That the proposition is sound, that in regard to debt or *assumpsit* on contract the remedy alone is gone, and not the obligation, is obvious from a class of cases that have never been disputed." Id. 625.

If, then, the debt is not destroyed by the discharge in bankruptcy, but the obligation to pay continues in existence, and which can only be de-

feated by pleading the discharge in bar of the remedy, it seems clear that the character of debtor continues and attaches to the bankrupt, so as to bring him within the scope of the principle that where the characters of debtor and creditor, of the same debt, become united in the same person, the debt is extinguished. There is no avoiding this conclusion. But, further, the debt not being destroyed by the discharge in bankruptcy, but the obligation to pay it continuing, when the bankrupt recognizing this obligation; voluntarily pays these debts; or compromises them with the holders; he declines to avail himself of the advantage of his discharge; he waives it as a bar to a recovery against him, and does what duty demands, and what the law (failing to plead his discharge) would compel him to do. It is clearly as complete and full satisfaction of the debts as can be made.

One of the debts claimed in this case by the bankrupt (the Slaughter debt, No. 3) illustrates the remarkable position the bankrupt might occupy, and the gross injustice that might be done if any other rule prevailed than that just laid down by the court. This debt was paid off by an indorser; whether by the first, second, or third indorser is not shown. Suppose it was paid by the second indorser, of course he would have a right to recover of the first indorser the amount paid. But he sells and assigns the debt, of course, with all his rights, to the bankrupt, here the principal debtor. Would there be any justice in allowing this principal debtor to recover of the prior indorser the amount paid by the second indorser in satisfaction of the obligation of the principal debtor? Yet this is exactly what might occur if the position contended for by counsel for the principal debtor here, E. J. Burton, be allowed as law. Again, suppose that one of three sureties had paid off the whole of this debt, he would be entitled to contribution from his two co-sureties. But he assigns his claims to the principal debtor, who purchases it. Will it be pretended that this principal debtor could or ought to be allowed to recover off of his own sureties two-thirds of a debt paid for him by a third surety? The statement of the question must answer it in the negative. It is therefore the opinion of the court that the debts of Slaughter, Martin, and Poindexter's administrator, assigned to E. J. Burton, and reported for his benefit in Commissioner Tinsley's report, are extinguished, and they must be stricken from the list of liens against the bankrupt's estate in the hands of the assignee.