Robinson *et al. v.* Hughes.

Filed Feb. 12, 1889.

No. 13,550.

## ROBINSON ET AL. *v.* HUGHES.

EXEMPTION FROM EXECUTION.—*Becoming a Householder After Levy.—Right to Claim Exemption.*—A judgment was obtained against an unmarried man, who was not a householder. His property was levied upon under an execution issued on the judgment, and advertised for sale. Between the date of the levy and the date fixed for the sale, the debtor married and became a *bona fide* householder, and claimed the property, which was of less value than six hundred dollars, as exempt.

*Held,* that the exemption should have been allowed, and its denial entitled the debtor to enjoin the sale.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellants.

*J. F. Morrison, R. Vaile, F. Cooper* and *A. Shewmon,* for appellee.

COFFEY, J.—On the 13th day of November, 1885, the appellants, Robinson and Robinson, recovered a judgment in the Howard Circuit Court, on a promissory note, against the appellee for the sum of $182.05. An execution was issued by the clerk of said court on said judgment and placed in the hands of the defendant, McReynolds, who at the time was the

sheriff of Howard county. The execution was duly levied upon the property of the appellee by said sheriff and was by him advertised for sale.

At the time said judgment was rendered, and at the time the property of the appellee was levied upon and advertised for sale, the appellee was single and was not a householder, but between the date of levy and the date fixed for sale, he married and became a *bona fide* resident householder of the State of Indiana. He tendered to said sheriff the statutory schedule, duly verified, and demanded that his property be set off to him as exempt from execution and sale, the same being of less value than $600.

The sheriff refusing to comply with such demand, this action was brought to enjoin the sheriff from selling said property.

The court below held that the appellee was entitled to claim his property as exempt from levy and sale on said judgment and execution, and granted the injunction as prayed. From this ruling the defendants in said action appealed to this court, and by proper assignment of errors call in question the ruling of the court below.

It is contended by the appellants that, by virtue of the levy, they acquired a specific lien on the property of the appellee and the right to sell it in satisfaction of their debt, and that the appellee could not by any act of his divest such lien.

On the other hand, it is contended by the appellee that the exemption law is not for the benefit of the debtor, but that it is for the benefit of those dependent upon him for support and sustenance, and that the debtor, for their benefit, has the right at any time before sale to claim the property as exempt from execution and sale, without regard to the time when he became a *bona fide* resident householder of the State.

In some of the States it is held that the right to exemption can not be created after the rights of creditors have vested. *Bowker* v. *Collins*, 4 Neb. 494; *Elston* v. *Robinson*,

21 Iowa, 531; *Reinbach* v. *Walter*, 27 Ill. 393; *Symonds* v. *Lappin*, 82 Ill. 213; *Thompson* v. *Pickel*, 20 Iowa, 490; *Hale* v. *Heaslip*, 16 Iowa, 451; *Bullene* v. *Hiatt*, 12 Kan. 98; *Robinson* v. *Wilson*, 15 Kan. 595; *Rix* v. *McHenry*, 7 Cal. 89; *Mills* v. *Spaulding*, 50 Maine, 57; *Upman* v. *Second Ward Bank*, 15 Wis. 450.

It is held in some of the other States of the Union that the marriage of the execution defendant after levy confers upon him the right to claim the benefit of the exemption laws. 1 Freeman Executions, section 222; *Watson* v. *Simpson*, 5 Ala. 233; Thompson Home. and Exemp., section 319; *Irwin* v. *Lewis*, 50 Miss. 363; *Trotter* v. *Dobbs*, 38 Miss. 198; *Letchford* v. *Cary*, 52 Miss. 791; *Stone* v. *Darnell*, 20 Texas, 11; *Macmanus* v. *Campbell*, 37 Texas, 267.

An examination of these authorities will reveal the fact that the question always depends upon the construction to be given to the numerous statutes upon the subject of exemption, all in some respects differing. The precise question here involved has never, to our knowledge, been decided by this court, but its solution must, of necessity, depend upon the proper construction of our statute providing for the exemption of property from levy and sale on execution.

The right to have a reasonable amount of property exempt from execution is a constitutional right, secured to every *bona fide* resident householder of the State. As the quantity to be exempted is not fixed by the Constitution, it follows that it must be fixed by the Legislature. It has been fixed by law at $600. This law must be liberally construed. *Astley* v. *Capron*, 89 Ind. 167; *Butner* v. *Bowser*, 104 Ind. 255.

The debtor is entitled to select the property he desires to exempt from execution and sale, and he may file his schedule and make such selection at any time before sale. *Pate* v. *Swann*, 7 Blackf. 500; *Eltzroth* v. *Webster*, 15 Ind. 21; *State, ex rel.*, v. *Read*, 94 Ind. 103.

The contention of the appellants that because the levy

in this case satisfied the execution, they are, therefore, entitled to sell the property, can not be maintained.  No such conclusion necessarily follows from the premises.  Where'a debtor owns more than $600 worth of property a levy satisfies the execution to the same extent it is satisfied in this case, and yet it is fully settled by the above authorities that he may file his schedule and exempt the property levied upon from sale at any time before the sale is actually made, and leave the sheriff free to make a new levy.  So in this case, if the property levied on is set off to the appellee under his claim to have it exempt from execution, it will be the duty of the sheriff to return his writ unsatisfied, leaving the appellants free to sue out another execution on their judgment at any time.

Our statute, in terms, secures to every *bonâ fide* resident householder of the State $600 worth of property as exempt from execution, and our opinion is, that the appellee in this case, coming as he does within the terms of the statute, is entitled to claim his property as exempt from execution.  To hold otherwise would be to create an exception, which the Legislature did not in terms declare, and one which we do not feel warranted in creating by construction.

We do not think that the circuit court erred in granting the injunction sought by the appellee.

Judgment affirmed.

Filed Feb. 12, 1889.