# FIRST INTERNATIONAL BANK OF PORTAL, a Corporation, v. JOHN J. LEE.

(141 N. W. 716.)

**Discharge in bankruptcy — effect of — personal to bankrupt.**

1. The effect of a discharge in bankruptcy is personal to the bankrupt.

**Federal bankruptcy act — liens — property — exemptions — jurisdiction — attachment — lien of.**

2. The Federal bankruptcy act of 1898, 30 Stat. at L. 565, chap. 541, U. S. Comp. Stat. 1901, p. 3450, only avoids liens upon property which passes to the trustee in bankruptcy, and over which the bankruptcy court could and has assumed jurisdiction. By setting aside property as exempt, such court is *held* to have disclaimed any intention of ever assuming or having ever assumed jurisdiction over it, and it cannot be said to have passed, at any time, to the trustee in bankruptcy. Where, therefore, property is seized upon a writ of attachment, and thereafter bankruptcy proceedings are instituted and said property is scheduled, but in said proceedings is set apart as and for the exemptions of the debtor, the lien of the attachment writ will not be considered to have been avoided.

**Principal debtor — exemptions — exercise of right — who may have.**

3. The exemptions given by § 7115 to § 7129, inclusive, of the Codes of 1905, are primarily for the benefit of the family as a whole, and not of the husband, or even the wife. Though, therefore, § 7124 in terms prescribes that the principal debtor, his attorney, agent, wife, or child must make demand for the benefit of the exemptions allowed, within three days after notice from the officer of the levy, such statute is construed as applying merely to the principal debtor, and to the other persons when served as agents of such principal debtor; while § 7122, which gives to the wife, or, in case of the refusal of the

wife, to the children, the right to claim the said exemptions in case the principal debtor neglects or refuses so to do, and which contains no limitation as to time, will be construed to permit the exercise of that right within a reasonable time, which is not limited by the three days allowed to the principal debtor.

Opinion filed April 23, 1913.

Appeal from the District Court for Ward County, *Leighton,* J.

Action against a sheriff to recover damages for his failure to levy upon certain property under a writ of attachment. The defendant alleged that said property was exempt under the statute. Verdict and judgment for plaintiff. From an order granting defendant's motion for a new trial, plaintiff appeals.

Affirmed and remanded.

This is an appeal from an order of the district court of Ward county, granting the defendant's motion for a new trial. The action was one which was brought against the defendant, John J. Lee, as sheriff of Ward county, to recover damages resulting from his failure to levy upon and sell certain personal property which had been attached by the plaintiff bank in an action against one John Schuler. The ·case was before this court on appeal in First International Bank v. Lee, 19 N. D. 10, 120 N. W. 1093, Ann. Cas. 1912 D, 731, and now comes before us for the second time.

The main grounds of the defendant's motion for a new trial are accident and surprise and newly discovered evidence. The surprise is said to consist in the fact that, on the second trial, the testimony showed "that John Schuler went into bankruptcy after the attachment and before judgment was rendered, and at the time the action was commenced defendant had no knowledge of any bankruptcy proceedings on the part of the said John Schuler, and that he heard of such bankruptcy proceeding for the first time during the trial of the action, and H. S. Blood, the attorney who appeared for the defendant was called on unexpectedly to try the case for the defendant, and, at the time the action was called for trial, he did not know that the said John Schuler had ever instituted a proceeding in bankruptcy, and that during the trial he learned for the first time that bankruptcy proceedings

of some kind had been had, and that he had no means at hand of determining their nature, and that the record of the said proceedings was with the clerk of the United States district court at Fargo; and that LeSueur & Bradford, composed of Arthur LeSueur and B. H. Bradford, were retained by the defendant in this action, and that Mr. B. H. Bradford retired from the practice of law on or about the 10th day of January, 1911, and that the firm of Noble, Blood, & Adamson succeeded to the law practice of Arthur LeSueur, successor to the firm of LeSueur & Bradford; that the proceedings in said bankruptcy court, as shown in the statement, showed that the property involved in the action was claimed as exempt by the said John Schuler in the bankruptcy court, and the same was set over to the said John Schuler as his exempt property in said bankruptcy proceedings, and said proceedings in said bankruptcy court were a complete bar to the recovery of any judgment in the case against John Schuler, and are a complete bar to the recovery of the plaintiff in this action." The discovery of the new evidence is alleged as follows: "Newly discovered evidence material to the defendant, which he could not with reasonable diligence have discovered and produced at the trial, and the defendant would specify as newly discovered evidence the fact that, since he has learned that after the property involved in this action had been attached in an action by this plaintiff against one John Schuler, that the said John Schuler filed a petition in bankruptcy on the 17th day of January, 1905, and that he made a claim for exemptions in said bankruptcy proceedings of the identical property for the value of which the said action has been instituted, and that in the schedule of property and petition of the said John Schuler is listed the claim of the plaintiff for which claim the plaintiff subsequently secured judgment against the said John Schuler, and that the plaintiff listed and filed in said bankruptcy court the claim for which said judgment was procured against the said John Schuler, and on the 17th day of February, 1905, appeared in said bankruptcy court and proved said claim before Guy L. Wallace, referee in bankruptcy; and that on the 10th day of May, 1905, the property involved in this action was set over in said bankruptcy court to said John Schuler as and for his exemption; that the defendant has learned since the trial that the property involved in this action was set over to the said John Schuler as exempt while the at-

tachment action between the plaintiff herein and the said John Schuler was pending in the district court of Ward county wherein judgment was rendered against John Schuler, and that his petition in bankruptcy was filed in the bankruptcy court and that the claim of the plaintiff involved in said action was listed and filed, and the plaintiff appeared in said bankruptcy court and proved said claim, and the property was claimed as exempt and was set over to the said John Schuler as exempt, and the said John Schuler was adjudged a bankrupt while this action was pending, and the said newly discovered evidence shows that the said bankruptcy proceedings was a complete bar to the maintenance of the action in attachment and the rendition of the judgment against the said John Schuler, and that the same is a complete bar to the recovery of any judgment against this defendant for any alleged wrongful release of the said property."

*Palda, Aaker, & Greene,* for appellant.

Property held under attachment, and thereafter set apart as exempt, in bankruptcy proceedings, at once comes under the lien of the attachment. Where defendant, sheriff, fails to preserve such lien, action will lie. Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408; Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243; Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 58 L.R.A. 770, 88 N. W. 703.

In action against sheriff for damages, the defense of the pendency of bankruptcy proceedings by execution debtor, not available. Such pleas are personal to the bankrupt. Collier, Bankr. 5th ed. p. 138; Johnson v. Bishop, 8 Nat. Bankr. Reg. 533, Fed. Cas. No. 7,373; 5 Cyc. 405, notes 75, 76.

Due diligence must be shown, in motion for new trial on ground of newly discovered evidence. McBride v. McClintock, 108 Iowa, 326, 79 N. W. 83.

*Noble, Blood, & Adamson,* for respondent.

Courts are reluctant to disturb orders granting new trials. Rickford v. Martin, 43 Mo. App. 597.

Notice must be given of levy upon property. Rev. Code 1905, § 7124.

Plaintiff waived the lien of its attachment, by proving and filing its claim, in the bankruptcy proceedings, as an unsecured claim. Re

Downing, 15 Am. Bankr. Rep. 423; Dunn Salmon Co. v. Pillmore, 19 Am. Bankr. Reg. 172, 55 Misc. 546, 106 N. Y. Supp. 88; Northern Shoe Co. v. Cecka, 22 N. D. 631, 135 N. W. 177.

BRUCE, J. (after stating the facts as above). The defense of bankruptcy proceedings or of a discharge in bankruptcy is personal to the bankrupt. 5 Cyc. 405; Palmer v. Merrill, 57 Me. 26; Moyer v. Dewey, 103 U. S. 301, 26 L. ed. 394; Re Burton, 29 Fed. 637. There is nothing in the record that tends to show that the principal debtor ever sought to avoid the attachment proceedings in this case by pleading the proceedings in bankruptcy. It is true he alleges that the principal defendant filed a petition in bankruptcy on the 17th day of January, 1905, and in such proceedings claimed as exempt the identical property for the value of which said action has been instituted, and that in the schedule of property and petition of the said Schuler is listed the claim of the plaintiff, for which claim the plaintiff subsequently secured judgment against the said John Schuler, and that the plaintiff listed and filed in said bankruptcy court the claim for which the said judgment was procured against said John Schuler, and on the 17th day of February, 1905, appeared in said bankruptcy court and proved said claim before Guy L. Wallace, referee in bankruptcy, and that on the 10th day of May, 1905, the property involved in this action was set over by said bankruptcy court to the said John Schuler as and for his exemptions. In the case of Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243, however, we held that § 67–f of the Federal bankruptcy act of 1898 (act of July 1, 1898, chap. 541, 30 Stat. at L. 565, U. S. Comp. Stat. 1901, p. 3450) only avoids liens upon property which passes to the trustee in bankruptcy, and over which the bankruptcy court could and has assumed jurisdiction. We further held that, by setting aside the property as exempt, such court will be held to have disclaimed any intention of assuming or of having ever assumed jurisdiction over it, and that it cannot be said to have passed at any time to the trustee in bankruptcy; nor would the fact that on account of such adjudication in bankruptcy a personal judgment cannot be rendered against the defendant in a district court, alter the case or preclude the foreclosure of the lien, as the jurisdiction of the district court is *in rem*, and not *in personam*. Under that case and the numerous

authorities cited therein, the discovery of the bankruptcy proceedings was a discovery of evidence which was absolutely immaterial, and, even though due diligence in its procurement was shown—which is not the fact, as the petition merely alleges a conclusion of law—no new trial could have been properly based thereon.

This leads us to a consideration of the question as to whether the trial court erred in excluding from the evidence Exhibit A, which is a claim of exemptions served by the wife of the principal defendant, one Katie Schuler, on the 29th day of July, 1905, and something over seven months after the notice of the levy of attachment. The defendant argues that this evidence was competent and material in spite of the fact that § 7124, Rev. Codes 1905, requires such claims to be served within three days after notice of the levy. He states that Katie Schuler had supposed that her husband, John Schuler, had made claims for his exemptions,—in fact, that she had been so informed by him, and that she did not learn the contrary until the 27th day of July, 1905. He argues that by the statute (§ 7122) the wife is not limited to the three-day period, and may, in case her husband fails to assert the right, serve her claim on behalf of herself and her family within a reasonable time thereafter. He claims that under the peculiar circumstances disclosed by the affidavits, she acted within such reasonable time. He also maintains that in so far as the claim of exemption filed by the original defendant, John Schuler, is concerned, that the statute merely requires that the same shall be served within three days after notice from the officer which is required to be given by § 7124, and that there is no evidence on the trial that that notice had ever been given.

As far as the claim of the wife is concerned, counsel for respondent cites § 7122 of the Code, which provides that "if in any case the debtor neglects or refuses, or for any cause fails, to claim the whole or any of the aforesaid exemptions, his wife is entitled to make such claim or demand, and to select and choose the property, to select and designate one of the appraisers, and to do all other acts necessary in the premises the same and with like effect as the debtor himself might do; and if she neglects, refuses, or for any cause fails, so to do, in whole or in part, then one of their children of sixteen years of age or upwards, being a member of the family, may do so in like manner and with like effect." He calls attention to the case of Noyes v. Belding,

5 S. D. 603, 59 N. W. 1069, in which the court, in holding that a claim by the wife of a homestead exemption made thirty-two days after the expiration of the time allowed to her husband was not too late, said: "The statute requiring the officer to give to the debtor, his attorney, agent, or wife a notice of levy, provides that the debtor, or such other person for him, must claim or demand his exemptions within three days after such notice, and if in any case the debtor neglect or refuse, or for any cause fail, to claim the whole or any part of said exemptions, his wife is entitled to make such claim or demand. As the debtor is allowed three days in which to make the claim, it cannot be said that he is in default until the expiration of that time, and no force or effect can be given to the statute authorizing a wife to make the demand in case of a failure in that regard on the part of the husband, unless she can make the claim subsequent to the expiration of the three days allowed to her husband, as she would not be entitled to exercise the right within the three days, provided the notice of levy had been served upon her husband, and it is conceded to have been so served in the case before us, and not upon the wives. A statute requiring the wife to make the claim or demand forthwith thereafter would doubtless be construed to mean within a reasonable time after the failure of the husband to demand his exemptions, and should it appear that the wives of Knowles and Marshman exercised their respective rights within a reasonable time after the failure of their husbands so to do, we would be reluctant, in the absence of any statutory limitation as to them, to reverse this case upon that ground, should it appear that no one has been prejudiced by the delay. . . . The undisputed evidence shows that the notice of levy was served upon Knowles and Marshman on the 27th day of September, consequently the time within which they could claim property as exempt expired on the 30th of that month. The claim of the wives was dated November 2d following, and the appraisement thereunder seems to have been made sometime during the succeeding February or March. It will be noticed that during the month the exemption claim of Mrs. Knowles and Mrs. Marshman was prepared by their attorneys, William G. Knowles commenced a suit involving the ownership of the attached property against the sheriff, and this suit was determined in favor of the sheriff some time during the month of January, the following year, and the

attachment debtors, Knowles and Marshman immediately thereafter put in claims for exemptions, concerning which there seems to have been some contention, in which all the interested parties appeared to have participated. Upon all the facts and circumstances disclosed by the record, and in view of the fact that no steps had been taken towards the sale of the attached property, and in the absence of any claim that plaintiffs were prejudiced by the delay, we are disposed to hold that the claim acted upon by the appraisers was made within a reasonable time." This case is clearly in point. The defendant in the case at bar offers to prove that, though the claim of the wife, Katie Schuler, for exemptions was not served until the 29th day of July, 1905, she had supposed that her husband, John Schuler, had filed a claim for exemptions,—in fact, had been informed by him that he had done so, and did not learn of the contrary until the 27th day of July, 1905. It is to be noticed that although § 7124, Rev. Codes 1905, provides that if the claim is made by the husband it shall be made within three days after notice, § 7122, which allows the wife to assert such claim on the failure of her husband, places no limitation whatever upon the time within which it can be made. It would seem that under the holding of the South Dakota court, as far as the wife is concerned the claim of exemptions was in time, and we are convinced by the logic and reasoning of that case. We hold, in short, that the claim of the wife will not be considered too late provided it is served within a reasonable time after discovering that the husband has not filed such claim, and if the delay has not interfered with vested and material rights. We also hold that under the facts of this case the claim of the wife was filed within such reasonable time. Chesney v. Francisco, 12 Neb. 626, 12 N. W. 94; Robinson v. Hughes, 117 Ind. 293, 3 L.R.A. 383, 10 Am. St. Rep. 45, 20 N. E. 220; Rice v. Nolan, 33 Kan. 28, 5 Pac. 437; Daniels v. Hamilton, 52 Ala. 105; Thompson, Homestead & Exemption, 809; State ex rel. Fulkerson v. Emmerson, 74 Mo. 607.

But it is argued "that the exemptions were not the wife's exemptions, but were the husband's exemptions which she was permitted to make for him in case he failed to make the claim; that since the affidavit of Katie Schuler, which appears in this record, states that her husband had informed her that he had claimed said property as exempt, it is manifest that the husband was in a position where he could have done

so had he desired to do it, and that since no excuse such as the law would require is made or shown, justifying a delay of seven months in the filing of the claim of exemptions, such delay was an indication to the plaintiff in the attachment suit, and should have been an indication to the sheriff, that the defendant in that attachment had waived his right to claim the property as exempt. We do not, however, think there is any force in this contention. The law does not look upon the right to exemptions as a personal right of the husband, or even as being given to the husband at all. It is a family right, rather than a personal right. There is no right of exemptions allowed to a bachelor who is not the head of a family. "Husbands there have been, and may again be," says Mr. Freeman in his work on Executions, § 212, "who are inattentive to their wives and children or wilfully inflict upon them misery and want. The family of such a man, more than of any other, is within the spirit and the necessities of exemption laws, and it is a strange and perverse interpretation of these laws which denies their benefit, even temporarily, to a family whose head is for the moment absent from them, or who, though not absent, is indifferent to their fate." The family idea, in short, is everywhere to be found in the authorities. In Ohio, for instance, the statute declared that "it shall be lawful for any resident of Ohio, being the head of a family, and not the owner of a homestead, to hold exempt from levy and sale personal property to be selected by such person, his agent, or attorney, at any time before sale, not exceeding $500 in value, in addition to the amount of chattel property now by law exempted." An action was brought by a wife, her husband joining, to recover damages sustained by the refusal of a constable to set off property as exempt from execution on her demand. Why the demand was not made by the husband and the action prosecuted solely in his name did not appear. The court, however, construed the statute as made to protect the family, and therefore saw no reason why the wife might not make the demand for the benefit of herself and children, as she was their natural guardian. See Regan v. Zeeb, 28 Ohio St. 487; Freeman, Executions, § 212; Chesney v. Francisco, 12 Neb. 626, 12 N. W. 94; Robinson v. Hughes, 117 Ind. 293, 3 L.R.A. 383, 10 Am. St. Rep. 45, 20 N. E. 220; Freehling v. Bresnahan, 61 Mich. 540, 1 Am. St. Rep. 617, 28 N. W. 531; Frazier v. Syas, 10 Neb. 115, 35 Am. Rep. 466, 4 N. W. 934; Taylor v. Worrel,

4 Legal Gaz. 401; Mitchler v. Helfrinh, 30 Phila. Leg. Int. 216; Waugh v. Burket, 3 Grant Cas. 319; Wilson v. McElroy, 32 Pa. 82; McCarthy's Appeal, 68 Pa. 217; Metzler's Appeal, 73 Pa. 368; Freeman, Executions, § 212.

The order granting the new trial is affirmed.

Goss, J., being disqualified, did not participate.