MENNELL, APPELLANT, *v.* WELLS, SHERIFF, RESPONDENT.

(No. 3,539.)

(Submitted May 13, 1915.  Decided June 21, 1915.)

[149 Pac. 954.]

*Exemptions—Statutes—Liberal Construction—Who may Claim Exemption—Abandoned Wife—"Head of Family."*

Exemption Statutes—Liberal Construction.
  1.  Under the rule that exemption laws must be liberally construed, courts do not regard them as conferring a personal right upon the debtor, but as declaring a family right which may be asserted not only by a husband as the head of the family, but by the wife or any other person upon whom, for the time being, the care of the family has been cast.

Same—Abandoned Wife may Claim Exemption—"Head of Family."
  2.  A wife who has been abandoned and who continues thereafter to farm a homestead theretofore occupied by her husband, to maintain herself and infant children making use of farming implements, *etc.*, for that purpose, could rightfully claim for herself exemption of such property from execution under a judgment against the husband, the term "head of a family" as used in section 6825, Revised Codes, of the exemption statute, including an abandoned wife.

  [As to head of family, who is and what constitutes a family, see notes in 61 Am. Dec. 586; 70 Am. St. Rep. 107.  As to what constitutes "family," see note in 4 L. R. A. (n. s.) 365.]

*Appeal from District Court, Custer County; C. C. Hurley, Judge.*

ACTION by Estella Mennell against H. R. Wells, as sheriff of Custer County.  From a judgment for defendant, plaintiff appeals.  Reversed and remanded.

Cause submitted on briefs of counsel.

*Mr. Sharpless Walker* and *Mr. Edgar B. Merrill,* for Appellant.

It is a rule of statutory construction recognized in practically every jurisdiction that exemption statutes will be liberally construed. (18 Cyc. 1380, 1381; *Ferguson* v. *Speith,* 13 Mont. 487, 40 Am. St. Rep. 459, 34 Pac. 1020.) It is also a general rule of construction that in construing statutes the court will ascertain the intention of the legislative assembly and the object of the statute. (*Equitable Life Assur. Co.* v. *Goode,* 101 Iowa, 160, 63 Am. St. Rep. 378, 35 L. R. A. 690, 70 N. W. 113; *Daniels* v. *Andes Ins. Co.,* 2 Mont. 78.) And this rule of construction holds, even though the result seems to be contrary to the strict letter of the statute. (*Wilkinson* v. *Leland,* 27 U. S. (2 Pet.) 627, 7 L. Ed. 542; *People* v. *Lacombe,* 99 N. Y. 43, 1 N. E. 599; *Whitney* v. *Whitney,* 14 Mass. 88; *Territory* v. *Clark,* 2 Okl. 82, 35 Pac. 882; *Encking* v. *Simmons,* 28 Wis. 272.) Exemption statutes must be regarded as being for the benefit of the family, for otherwise they would not by their express terms deny their benefits to unmarried persons not the heads of a family. They embody the public policy of the state, and are for the beneficent purpose of preserving a dependent family from privation and want. (*First International Bank* v. *Lee,* 25 N. D. 197, 141 N. W. 716.)

If plaintiff's husband had not absconded and abandoned her and their children, he could have claimed the personal property in question as exempt. We contend that the plaintiff, his wife, should have the same rights of exemption that he might have claimed had he not absconded. (*Linander* v. *Longstaff,* 7 S. D. 157, 63 N. W. 775.) In the case just mentioned, the wife was permitted to claim her own property. In *Noyes* v. *Belding,* 5 S. D. 603, 59 N. W. 1069, the facts were similar to those in *Linander* v. *Longstaff,* but the wife, as the head of the family, was allowed to claim exemptions out of her husband's property owned by him in partnership with another. (See, also, *Freeh-*

*ling* v. *Bresnahan,* 61 Mich. 540, 1 Am. St. Rep. 617, 28 N. W. 531; *Ecker* v. *Lindskog,* 12 S. D. 428, 48 L. R. A. 155, 81 N. W. 905; *Frazier* v. *Syas,* 10 Neb. 115, 35 Am. Rep. 466, 4 N. W. 934; *State* v. *Wilson,* 31 Neb. 462, 48 N. W. 147; *Paul Schminke Co.* v. *Holden,* 86 Neb. 303, 125 N. W. 511.) Other courts reach the same conclusion as do the cases examined above, but proceed upon the theory that the wife or dependent children in cases of this kind may make the claim as representatives of the husband, and the presumption is indulged in that the husband's absence is temporary and that he will return. (*White* v. *Swann,* 68 Ark. 102, 82 Am. St. Rep. 282, 56 S. W. 635.)

*Messrs. Farr & Herrick,* for Respondent.

Exemptions are creatures of statute and exceptions to the general rule. (*Estate of Brown,* 123 Cal. 399, 69 Am. St. Rep. 74, 55 Pac. 1055.) It is well recognized that exemption is a personal privilege which may be claimed or waived. (*Keybers* v. *McComber,* 67 Cal. 395, 7 Pac. 838.) An examination of the cases cited by the appellant disclose that they are all based upon entirely different and concededly more liberal statutory provisions than our own. The states from which appellant has cited decisions are, we believe, all based upon statutes specifically allowing to the wife the right to claim the exemption where the husband has absconded and abandoned her. It is true of Illinois (*Berry* v. *Hanks,* 28 Ill. App. 51), Iowa (*Malvin* v. *Christoph,* 54 Iowa, 562, 7 N. W. 6), Missouri (*State* v. *Dill,* 60 Mo. 433), and many other states, but our statute does not give any such right. Its language is plain that "there shall be exempt of all judgment debtors who are married, or who are heads of families, the following property." We have not found any case allowing to the wife the right to claim her husband's exemptions for any cause unless the right is expressly given by statute. Our exemption statute is in very many respects similar to that of California (sec. 690, Cal. Code Civ. Proc.), and, we assume was largely based upon the California statute, and we cannot find any California cases where the right of exemption of the

husband is extended to the wife in a case like the one at bar, or at all.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Claim and delivery to recover possession of personal property consisting of horses, farming implements, *etc.*, and for damages, for its detention. Prior to October 9, 1912, plaintiff and her husband, George D. Mennell, had been residing upon and farming a homestead in Custer county. They have two minor children of tender years. On the date mentioned, George D. Mennell abandoned his family, his whereabouts being thereafter unknown. The plaintiff continued to occupy the homestead and to farm it for the maintenance of herself and children, making use of the property in controversy herein for that purpose, having no other means of support. On November 12, 1912, Ben Levalley, the sheriff of Custer county, took possession of the property under attachment issued in an action brought by one Van Coil against George D. Mennell in the district court of that county. On January 6, 1913, the defendant, as successor of Levalley, received from him the property and, when the present action was brought, was holding it for the satisfaction of any judgment Van Coil might recover. On January 21, 1913, the plaintiff made demand of the defendant that he restore to her the possession of the property, claiming that, as she is the head of the family, she is entitled to hold it free from attachment or execution against her husband. Upon his refusal to comply with her demand, she brought this action. To the complaint alleging substantially the foregoing facts the court sustained a general demurrer, and, upon plaintiff's declining to amend, rendered judgment for the defendant. Plaintiff has appealed.

While there are some allegations found in the complaint to the effect that the plaintiff is the owner of the property in con-
[1, 2]   troversy, when the pleading is read as a whole it is apparent that she founds her right to recover upon the assump-

tion that the abandonment by her husband cast upon her all the duties and obligations of the head of the family, with the result that she is clothed, for the time being, with the right possessed by him in this behalf. In any event, counsel have submitted the single question whether a wife, situated as is the plaintiff in this case, may claim for herself and children the benefit of the statutory exemptions which the husband might claim if he were present.

Sections 6824 and 6825 of the Revised Codes declare:

"6824. The following property is exempt from execution, except as herein otherwise provided: In all cases all wearing apparel of the judgment debtor and family; also all chairs, tables, desks, and books to the value of two hundred dollars; and also all necessary household, table and kitchen furniture of the judgment debtor, including one sewing-machine, stoves, stove-pipes and stove furniture, heating apparatus, beds, bedding and bedsteads, and provisions and fuel provided for individual or family use sufficient for three months, and also one horse, saddle and bridle, two cows and their calves, four hogs and fifty domestic fowls, and feed for such animals for three months, one clock and all family pictures. An unmarried person who is not the head of a family, is not entitled to any of the exemptions herein mentioned, except that of the wearing apparel of the judgment debtor."

"6825. In addition to the property mentioned in the preceding section, there shall be exempt to all judgment debtors who are married, or who are heads of families, the following property: 1. To a farmer: Farming utensils or implements of husbandry, not exceeding in value six hundred dollars; also, two oxen, or two horses or mules, and their harness, one cart or wagon, set of sleds, and food for such oxen, horses, cows or mules for three months; also, all seed, grain or vegetables actually provided, or on hand, for the purpose of planting or sowing the following spring, not exceeding in value the sum of two hundred dollars."

These provisions were enacted by the legislature in obedience to the injunction of the Constitution: "The legislative assembly shall enact liberal homestead and exemption laws." (Const. Art. XIX, sec. 4.) By a general consensus of opinion, the courts hold that such laws have for their purpose the maintenance and protection of the family and that they are subject to the rule of liberal construction, to the end that this purpose may be fully effected; and though the particular statute under consideration, as is the case here, makes the exemptions in favor of the judgment debtor *eo nomine*, the courts do not regard them as conferring a personal right upon the debtor, but rather as declaring a family right which may be asserted effectively by the wife or any other person upon whom, for the time, the care of the family has been cast. On this subject, Mr. Freeman, in his work on Executions, aptly says: "Husbands there have been, and may again be, who are inattentive to their wives and children, or who willfully inflict upon them misery and want. The family of such a man, more than of any other, is within the spirit and the necessities of exemption laws; and it is a strange and perverse interpretation of these laws which denies their benefit, even temporarily, to a family whose head is for the moment absent from them, or who, though not absent, is indifferent to their fate." In full accord with the view thus expressed, the courts construe the local statutes without regard to the particular terms employed to maintain the integrity of the family.

In Ohio a statute which exempted to the head of a family, not the owner of a homestead, personal property not exceeding $500 in value, in addition to other chattel exemptions, to be selected by him, his agent, or attorney, at any time before the sale, was held to enable the wife to assert the claim when the husband failed to do so. In an action brought by the wife and husband to recover damages for the refusal of a constable to release property as exempt, on demand of the wife, the court construed the statute as enacted to protect the family, and held that the wife might make the demand for herself and for the

children as their natural guardian. (*Regan* v. *Zeeb*, 28 Ohio St. 483.) So in Arkansas, the court, emphasizing the idea that the purpose of the statute is the preservation and protection of the family, permitted the minor children of an absconding debtor to make effective claim for the exemptions through their grandfather as next friend, he having assumed the care of them after the desertion of them by the father. (*White* v. *Swann*, 68 Ark. 102, 82 Am. St. Rep. 282, 56 S. W. 635.) After stating that the absent father had left the property in the possession of the children ostensibly for their benefit, the court said: "Under these circumstances, with nothing to show to the contrary, we think it should be presumed that the debtor consented to this action taken for the benefit of himself and children by one who had rightfully assumed control of them in his absence. To hold otherwise would be to say that, if the absconding debtor had left a wife or an adult son or daughter, the law would allow the exemption to be claimed, but would refuse its protection when the deserted family consisted only of the young and helpless. Such a construction of the statute would overlook entirely the main purpose of the exemption law; for, although the exemption is allowed the debtor, it is given to him in part at least for the protection of his family, who need it all the more when deserted by him during early infancy."

In *Frazier* v. *Syas*, 10 Neb. 115, 35 Am. Rep. 466, 4 N. W. 934, the supreme court of Nebraska held that a wife abandoned by her husband, and continuing to reside in the state, became the head of the family for the time, and was entitled to the exemptions made to a head of a family residing in the state, saying: "The law is for the benefit of the family of the debtor, and its benefits may be claimed by the actual head of such family then residing in the state, although the husband may have absconded." The following authorities are directly in point to the same effect: *Linander* v. *Longstaff*, 7 S. D. 157, 63 S. W. 775; *Freehling* v. *Bresnahan*, 61 Mich. 540, 1 Am. St. Rep. 617, 28 N. W. 531; *First International Bank* v. *Lee*, 25 N. D. 197, 141 N. W. 716; *McCarthy's Appeal*, 68 Pa. 217;

*Meitzler's Appeal,* 73 Pa. 368; *State ex rel. Scoville* v. *Wilson,* 31 Neb. 462, 48 N. W. 147; Waples on Homesteads, p. 877; 18 Cyc. 1399.

It is true the husband is ordinarily the head of the family and has the right to select the home. (Rev. Codes, sec. 3652.) The expression "head of the family," as defined in the title of the Revised Codes relating to homesteads, clearly includes the abandoned wife, because it includes, besides the husband, every person occupying property to which the homestead right attaches who has the care of dependents residing with him thereon. (Rev. Codes, sec. 4718.) So, also, when the husband becomes unable to support himself, the duty of support devolves upon the wife (sec. 3726), and when the husband fails to select a homestead, the wife may select it (sec. 4719). The husband cannot abandon his homestead merely by the desertion of his wife and family. (*Watterson* v. *Bonner Co.,* 19 Mont. 554, 61 Am. St. Rep. 527, 48 Pac. 1108.) The same rule must of necessity apply to the exemptions of personal property.

If the allegations of her complaint are established by the evidence, plaintiff has a clear right to recover. The court was therefore in error in holding it insufficient. The judgment is reversed, with directions to overrule the demurrer.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.