## Wilson *et al. versus* McElroy.

During the temporary absence of the owner, any person left in charge of the premises, and especially a child of proper age, is authorized to claim the benefits of the exemption law, in case of a levy under an execution.

When the apparent value of the goods levied on is less than the amount exempted by law, it is unnecessary to make any further specification than is implied in the demand; at least, until after the appraisement.

If the officer give a reason for refusing the exemption claimed, he will be treated as having waived all other objections to the manner of making it.

In an action of trespass for disregarding a debtor's claim for the benefit of the exemption law, the debt cannot be defalked against the plaintiff's damages.

ERROR to the Common Pleas of *Clarion county.*

[Wilson *et al. v.* McElroy.]

This was an action of trespass, by James G. McElroy against John Wilson, Jr., a constable, and Robert A. Hunter, for levying on and selling the plaintiff's goods, in disregard of his claim for the benefit of the exemption law of 1849.

On the 26th October 1855, Robert A. Hunter, a judgment-creditor of the plaintiff, issued an execution against him, and placed it in the hands of Wilson, the other defendant, who levied on a set of blacksmith tools, axes, &c., in his shop. The plaintiff, at this time, was temporarily absent from home; and his children (he being a widower) were staying with their relatives and neighbours.

Amanda McElroy, an adult daughter of the plaintiff, thereupon demanded, from the constable, an appraisement of the goods levied on, under the Act of 1849. The constable refused to allow the exemption and appraisement, on the ground that she was not such an agent of her father as could claim the benefits of the act; and went on and sold the goods; which was the trespass complained of.

On the trial, the court below (McCALMONT, P. J.), in answer to points presented by both parties, charged the jury as follows:—

"It is contended by defendants' counsel, that the demand was not sufficiently specific, that the articles should have been specified by Amanda McElroy, with a request that they should be appraised, but we think if there was not $300 worth of property levied on, as appears evident, and that was known by defendants, the demand was sufficient; and especially so, if the constable did not object to an appraisement on that account, but because she was not an agent. If you believe this evidence, the demand was sufficient.

"Was the demand made by a person properly authorized? We think it was unnecessary that there should have been an express authority. The person making the demand was one of the family, for whose benefit the law provides the property shall remain exempt. The domestic attachment act provides for the exemption, although the debtor has absconded with purpose to defraud his creditors, evidently requiring no authority from the husband. The act allowing the widow of decedent to retain, directs that the property remain for the use of the widow and children. Considering the act in question by these, *in pari materia,* we are of opinion, that the authority of the daughter to make the demand was clearly implied by law.

"Another point arises on the question of damages which calls for our opinion. Ordinarily, when a debt of the owner is paid by an unlawful judicial sale of his property it is allowable to take it into account in mitigation of damages (2 *Greenl. Ev.* §§. 276 and 635, and note). But in this case, under the exemption law, we instruct you that it is not allowable to deduct that amount from the value of the property—were it otherwise, the object of the law

could be easily frustrated. A creditor having a claim of five hundred dollars, otherwise hopeless, could seize the $300 worth of property, and allow for it the whole amount of his claim, which would be more than the damages sustained. Thus the creditor would get part of his debt and the debtor's family nothing. This might be just and fair, but would not be carrying out the intent of the law."

To this charge the defendants excepted; and a verdict and judgment having been rendered for the plaintiff, for $117.65, the defendants removed the cause to this court, and here assigned the same for error.

*Lamberton*, for the plaintiff in error.

*Corbett*, for the defendant in error.

The opinion of the court was delivered by

CHURCH, J.—This action was trespass, brought by defendant in error against the plaintiffs in error, one of whom was a constable, and the other plaintiff in an *execution against* defendant in error, for selling his goods on a levy, after a demand or request made in behalf of the debtor for an appraisement, under the Exemption Act of the 9th of April 1849. By the provisions of this act, the officer charged with the execution of any warrant for the levy and sale of any property of any debtor, is required, on the demand of the debtor, to take an appraisement of the property which the debtor may elect to retain under the law. And if the officer neglects this duty and goes on to sell, he becomes a trespasser.

In this case it appears, the debtor, a widower, with a family of children, was from home, having left them and his property in the care and charge of his unmarried minor daughter. The debtor had been absent nearly two months, working at his trade in another county as a journeyman, when the daughter, for economy or convenience, and under the advice of friends, shut up the house with the property in it, and on the premises, and went to live with some kindred of the family in the vicinity. Some two weeks afterwards the levy was made, and as soon as it came to the knowledge of the daughter, she made the request for the appraisement. The principal question in the cause was fairly and properly met by the affirmative answer of the court below, to the only point presented by the plaintiff there; which was, that if the plaintiff, the debtor, left the house in which he lived, and his tools in the care of his daughter, she is such an agent as could demand the benefit of the exemption law. The plaintiffs in error claimed on the trial, that none but the debtor, or some person specially authorized by him for that purpose, could do it; but the court refused

[Wilson *et al. v.* McElroy.]

so to instruct the jury. We find no error in this. Any person authorized to take the charge, care, oversight, and protection of the property and rights of the owner therein during a temporary absence, under the circumstances disclosed in this case, and especially a child of the owner, of proper age for that purpose, left with the family, a part of which she was, would be so authorized. The undoubted object of the legislature, in enlarging the exemption, was the protection, somewhat, of the debtor's family, where there is any; and hence the members of it, so far as relates to notice that it is claimed, in the temporary absence of the debtor, might almost be considered in the light of *cestuis que trust.*

It is also objected by the plaintiffs in error, that the request, even if authoritatively made, was insufficiently specific. But the charge of the court below is a very proper answer to that. It was unnecessary to make any further specification after the levy made, than is implied in the demand, when the apparent value of the whole is less than the amount allowed by law, at least, until after the appraisement is actually taken. It is enough, however, for this case, that another and very different reason was given for not making the appraisement. For, although the officer need not give his reasons for not complying with the request, yet, when he does so, there is very little ground for complaint, if he be treated as having waived all others. There is no soundness in the error assigned to the charge of the court, on the subject of defalcating the amount of the debt extinguished, or alleged so to be, by the sale made. To allow it in an action of trespass for disregarding a debtor's demand of the benefit of the exemption law, would in most cases result in a palpable evasion of the humane provisions of the Act of Assembly. This disposes of all the errors assigned.

Judgment affirmed.