JOHN BEYER *et al.*, impleaded, etc., Appellants, *v.* WILLIAM A. TANNER, Appellee.

### APPEAL FROM KANE.

Highway commissioners can be made to respond in damages, if they are misled as to the correct line of a road, and in attempting to open it, commit a trespass.

THE plaintiff below, Tanner, filed a declaration in trespass, containing three counts; in the first of which it is charged that the defendants, on the first day of December, 1860, and on divers other days between that time and the commencement of this suit, broke and entered plaintiff's close, to wit, the north-west quarter of section six, in the township of Aurora, in Kane county, and destroyed the fence, and trod down and destroyed grass and wheat.

The second count for trespass at the same times upon north-east quarter of section one, in the township of Sugar Grove in said county, by cutting timber, destroying grass, wheat, and fences.

The third count like the second, except the *locus in quo* was the east part of the south-east quarter of section thirty-five, in Blackberry, in said county.

The defendants filed a plea of not guilty.

Stipulation of the parties was filed, by which it was agreed that the defendants might give any special matter in evidence under the general issue.

A jury trial was ordered, and the jury returned into court with their verdict, finding the defendants, John Beyer, Frank Banker, Samuel Ingham, and Lawrence Ruckdestell, guilty, and assessing the damages at ninety-five dollars and forty-two cents. Defendants moved for a new trial, which was over-ruled, and judgment upon the verdict was entered.

The plaintiff proved that he was the owner and in possession of the premises described, and at the time mentioned in his declaration.

The defendants below were highway commissioners, and whatever trespass they committed, was in the opening of a State road, in Kane county. It was insisted by the plaintiff below, that the line of the road as opened and used by the defendants below, was not the true line, but that the true line was some four or six rods south of the line traveled and worked.

PLATO & SMITH, for Appellants.

WHEATON & BROWN, for Appellee.

BREESE, J. We have not been favored by either party with any arguments in this case, they choosing to submit it on the record alone.

We have examined the record, and the plats of the road, and the testimony of all the witnesses, and our minds have reached the same conclusion at which the jury arrived. We think there can be little doubt, that Wilder's survey is the true survey of the road. That, and his testimony, for he testifies like a man of sense and as one well informed on the subject, must have convinced the jury, as it has convinced us, that the true line of the old State road, which was about to be

opened, and which the route of the county road occupied, passed through the township of Sugar Grove, several chains (13.50 chains) south of the opening made by the defendants, and the same or a greater distance south through the township of Blackberry. Through Sugar Grove township, a line of old blazed trees was found on the course of the old road, and a blazed white oak tree in Blackerry township, a noted monument in the old survey, and through the township of Aurora, the old road, as fenced out and worked, was found and traced. This survey, so minute, so scientifically and skillfully made, connected with the intelligent testimony of Wilder himself, can leave no doubt on the mind of any one, but that these defendants were misled as to the true line of the road which they were authorized to open, and got too far north, and destroyed wood and timber they had no right to touch. Cutting it down was a trespass for which the plaintiff is entitled to recover damages. There is no point made that they are excessive.

We see no particular objection to the action of the court in giving or refusing instructions.

The judgment is affirmed. *Judgment affirmed.*