No. 2148.—WILLIAM P. McLAREN & Co. *v.* J. B. M. KEHLER.

Each State of the American Union must give the same effect, within its limits, to the judicial decrees of every other State, which such decrees have in the State where they are rendered. Constitution of the United States, Art 4, Sec. 1.

Therefore a judgment, final and conclusive in the State in which it was rendered, is final and conclusive in this State, and a judgment without effect in the State in which it was rendered, is without effect here.

The courts of the State in which a judgment of a court of another State is sought to be enforced, have a right to inquire how far the judgment presented may be conclusive in the State in which it was rendered. And in determining this question the courts of this State will require that the whole record of the proceedings be produced under which the judgment was obtained, in order to show how far it may be conclusive.

If a judgment of the inferior jurisdiction of another State has been appealed, and the Supreme Court has pronounced a final judgment thereon, and the judgment or demand passed upon is sought to be enforced in this State, the record or proceedings of the Supreme Court, being the final judgment in the cause, is the proper transcript to present to enable the courts of this State to ascertain how far it is conclusive in the State where it was rendered.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. R. H. Marr,* for plaintiff and appellee. *E. Wooldridge,* for defendant and appellant.

TALIAFERRO, J. This is a suit to enforce a judgment rendered by the Circuit Court of the Second Judicial Circuit of the State of Wisconsin, sitting for the county of Milwaukee. By that judgment the defendant was condemned to pay the plaintiff the sum of $1445 59 and costs. The defense is, that at the time of the institution of the suit and the issuing of the summons therein, in the county of Milwaukee, State of Wisconsin, the defendant was not a resident of the State of Wisconsin, but was then, and had been long before a resident of the State of Louisiana, where he has constantly resided ever since, having established his domicile in the last named State prior to the issuing of the summons and the institution of the said suit. The defendant avers that no summons in that case was ever served upon him; that no appearance in his behalf was made by himself or by any person authorized by him. He denies any indebtedness whatever to the plaintiff, and prays judgment in his favor. The court below rendered judgment in favor of the plaintiff, and the defendant has appealed.

The facts, as we find them in the record, seem to be, that suit was brought against the defendant in Milwaukee county, in the State of Wisconsin, and that the citation was served at the residence of defendant's father-in-law, in Racine county, by delivering a copy of the citation to the defendant's wife; this service was made on the fourteenth of August, 1865. This citation, it seems, was sent to Jenkins, who had long been the attorney at law of the defendant during his residence in Wisconsin. Jenkins was served with a copy of the petition on the twenty-second of September following, and on the eleventh of October obtained an extension of twenty days to

answer. During this delay the attorney drew up an answer and mailed it to defendant at New Orleans. Jenkins states that he was informed by defendant that he never received the answer to be verified; in consequence judgment was rendered against the defendant on the sixteenth of February, 1866. The suit to enforce the judgment in Louisiana was filed on the twenty-second of November, 1866, and judgment rendered on it on the fifteenth of February, 1869. Pending this suit in Louisiana, the defendant commenced an action in Wisconsin, for the purpose of opening the judgment there, in order to enable him to answer and set up the plea of change of domicile and want of citation. This proceeding was commenced in Milwaukee in February, 1867. Jenkins, the defendant's attorney, upon his own affidavit of his ignorance of the defendant's removal from Wisconsin and that his having appeared for defendant was predicated upon the belief that defendant was only temporarily absent and upon the defendant's affidavit, obtained an order for opening the judgment to enable the defendant to answer. From this order of the Circuit Court the plaintiff appealed to the Supreme Court of Wisconsin, and obtained a reversal of the order. The final decree of that court, reversing the order of the Circuit Court, was returned and filed in the Circuit Court on the seventeenth of January, 1868.

A duly certified copy of this decree was introduced in evidence on the trial of the case in the court below. Its introduction was objected to by the defendant on the ground that the filing of the record of the Supreme Court of Wisconsin, was a change in the nature of the demand. The evidence was properly admitted. The ground taken by the defendant was, that the judgment sued on was not conclusive upon the defendant; evidence, therefore, to show that it was conclusive was fairly admissible.

The first section of the fourth article of the Constitution of the United States directs that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State." A compliance with this provision of the supreme law requires that each State shall give the same effect within its own limits to the judicial decrees of every other State, which such decrees have in the States where they are rendered. Then it follows that a judgment, final and conclusive in one State, must be so in every other State. A judgment without effect in the State where it is rendered, is without effect in any other State. The courts of the State in which it is sought to enforce a judgment rendered in another State, have the right to inquire how far the judgment presented may be conclusive in the State in which it was rendered. This doctrine has often been announced by this court. In the case of Hockaday v. Skeggs, 18 An. p. 682, the rule was repeated in

11

these words: "It has been settled by frequent decisions of this court, that in order to enable the courts of this State to give effect here to a judgment rendered in another State the whole record of the proceedings under which the judgment was obtained, must be produced in order to show how far it may be conclusive. The transcript must show that the proceedings are clothed with the forms necessary to the validity of a judgment in the State from which it comes. It must also show that the defendant had due notice, or that he actually appeared."

The defendant aims to show that he had changed his domicile from Wisconsin to Lousiana at a time anterior to the institution of the suit against him in Wisconsin, and that he had no notice of the proceedings.

The testimony of several witnesses was taken under commission and introduced upon the trial. It is to some extent contradictory as to the last place of residence of the defendant in Wisconsin.

But a question of grave import here arises. We have seen that within two months from the date of the filing of the suit in Louisiana to enforce the Wisconsin judgment the defendant repaired to that State and set up the same defense there against the judgment which he used here. His own affidavit and that of his attorney were introduced to sustain his pleas of want of domicile and want of citation. The Circuit Court did not vacate the judgment, but rendered this order: "It is ordered that the defendant have leave to file his answer on payment of ten dollars costs, and the judgment now entered remain and abide the event." · The appeal was taken from the whole order and it was reversed by the Appellate Court in January, 1868, more than one year before the rendition of the judgment against the defendant in the Louisiana court. It appears then that the grounds upon which the defendant depended in the Circuit Court of Wisconsin to set aside the judgment, were reversed by the Supreme Court of that State; the affidavits, we have referred to, were examined and passed upon by that court, and it decided that the defendant had received notice in the original proceeding, and was of opinion that he showed no case of surprise, mistake or excusable neglect, and nothing which could appeal to the discretion of the court below. It held that "it was an abuse of discretion to let him in to answer."

If this judgment is conclusive against the defendant in Wisconsin, it is equally conclusive in Louisiana. The courts of this State are estopped from all inquiry into its correctness, and are precluded from considering the issues raised by the defendant, and which, by the judgment of the Supreme Court of 'Wisconsin, have become *res judicata*. We think the position of the defendant's counsel in regard to the admission in evidence of the transcript of the decree of the Supreme Court of Wisconsin not well taken. The judgment of the

Circuit Court, made final on appeal, was merged in that of the appellate tribunal. There was at the time of the trial of this case in the Fifth District Court but the one judgment for the defendant to combat, and he had to oppose it in the character and force it had assumed by his own proceedings. We are of the opinion that the judgment of the lower court should be sustained.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.

Rehearing refused.