WHITE *v.* SWANN.

Opinion delived April 14, 1900.

1. EXEMPTION—ABSENT DEBTOR—RIGHT OF CHILDREN TO CLAIM.—Where a resident debtor and head of a family abandoned his minor children, and departed from the state, leaving personal property in their possession, it will be presumed, in the absence of a contrary showing, that he intended to return, and his children, by next friend, may claim his exemptions out of the property. (Page 104.)

2.  SAME—WHEN INFORMALITY WAIVED.—Where the minor children of an absconding debtor, in making a claim for his exemptions of personal property, asked the exemption in behalf of themselves, instead of in behalf of the debtor, the informality will be waived if no specific obtion thereto is taken. (Page 105.)

Appeal from Pope Circuit Court.

JEREMIAH G. WALLACE, Judge.

### STATEMENT BY THE COURT.

H. J. White in January, 1895, commenced suit by attachment before a justice of the peace against H. E. Wheeler for the sum of $33.84; alleging as grounds of attachment that the defendant, Wheeler, concealed himself so that summons could not be served upon him.    The attachment was levied upon the personal property, and a judgment obtained, ordering it to be sold to satisfy the debt of plaintiff.    Thereupon S. W. Swann, the grandfather of the children, appeared as their next friend, and filed a schedule for them, claiming the property as exempt from execution.    In the petition and affidavit to the schedule as amended in the circuit court he stated that Wheeler had abandoned his family and left for parts unknown; that at the time of the abandonment he was, and still is, a resident of the state of Arkansas, and the head of a family, consisting of himself and four minor children, the oldest of whom was twelve years of age; that the mother of the children was dead, and that the property claimed as exempt was left by Wheeler in the possession of the children; and that, with the exception of said property, the children were left destitute.

The plaintiff demurred to the petition, affidavit and claim of exemption, but it was overruled, and the claim of exemption was sustained both by the justice of the peace and the circuit court, and the exemption allowed.    Plaintiffs appealed.

*Dan B. Granger*, for appellant.

The exemptions given by our constitution are for *residents of the state* only.    Const. art. 9, §§ 1–2.    The person who claims them must be a resident of the state, against whom there is issued an execution, process or attachment against his property, and who may *desire* to claim them.    Sand. & H. Dig.,

§ 3718; 34 Ark. 111. Exemptions must be claimed, else they are deemed to be waived. Thompson, Hom. & Ex. § 829; 52 Ark. 547; 43 Ark. 17; 53 Ark. 540. The claim must be made by the debtor himself. 13 L. R. A. 719; 80 Am. Dec. 536; S. C. 39 Pa. St. 513; 21 Pa. St. 40; 36 *id*. 380; 31 *id*. 225; 32 *id*. 277. The claim for exemptions should have been made before the property was condemned for sale. 46 Ark. 43. Thompson, Hom. & Ex. § 826.

*Jeff Davis* and *Chas. Jacobson*, for appellee.

The protection of the family being the object of the homestead law, the desertion of the family by the husband, they being still left in occupancy of the homestead, is not an abandonment of it. 42 Ark. 541; 81 Am. Dec. 301; 59 Ark. 213. The husband who deserts his family cannot claim exemptions as the head of the family. 56 Ia. 386; 41 Am. Rep. 107. But the right of claiming them for the family naturally devolved upon appellant, on their abandonment by the father. The father's domicile was still in the state. He was entitled to make the claim for exemptions. 52 Ark. 91. The provision allowing exemptions, being remedial, should be liberally construed. 38 Ark. 112. The rule that the claim must be made by the debtor applies only to mere outsiders, and does not preclude appellee. Thompson, Hom. & Ex. 67.

RIDDICK, J., (after stating the facts.) The question in this case concerns the right of the children of Wheeler, acting by their grandfather and next friend, to claim for their father, in his absence, certain personal property belonging to him as exempt from execution. The statements in the affidavit attached to the schedule of property claimed as exempt show that Wheeler is a resident of the state and head of a family. So it is clear that, if he had himself made this claim of exemption, it would have been sustained. But one of the chief objects of the homestead and exemption laws is to protect the family of the debtor from destitution and want. The exemption allowed the individual debtor is small, compared with that allowed him as the head of a family. Such laws are given a liberal construction, in order, as far as possi-

ble, to carry into effect the beneficent purpose for which
they are intended. For this reason it has been often
held that the desertion of the family by the husband, still
leaving them occupying the homestead, is not an abandoment
of the homestead by him; the presumption in such cases being
that he is but temporarily absent, and intends ultimately to re-
turn to his home and family. *Hollis* v. *State*, 59 Ark. 211;
*Moore* v. *Dunning*, 81 Am. Dec. 301. And so in this case,
nothing being shown to the contrary, we must presume that
Wheeler, in leaving his home and family, did not intend per-
manently to abandon them. The presumption is that he was
only temporarily absent. But when the head of the family,
having the right to claim exemptions, is absent, it has been de-
cided that not only his wife, but a son or daughter, may inter-
pose and claim the exemption for him. Any person may do
this who is authorized to take charge of and protect the prop-
erty and rights of the debtor during his temporary absence.
And this authority need not be expressly given, but may be
presumed from circumstances. *Wilson* v. *McElroy*, 32 Pa. St.
82; *Waugh* v. *Burket*, 3 Grant's Cases, 319; *Regan* v. *Zeeb*,
28 Ohio St. 483; Thompson on Homesteads, § 829; Waples
on Homesteads, p. 877.

Now, in this case the debtor left his household furniture
and other personal property in the possession of his children;
intending, no doubt, that it should be preserved and used for
their benefit. They being young, their grand-father took
charge of them, and, acting for them and the absent debtor,
claimed the property as exempt from execution. Under these
circumstances, with nothing to show to the contrary, we think
it should be presumed that the debtor consented to this action
taken for the benefit of himself and children by one who had
rightfully assumed control of them in his absence. To hold
otherwise would be to say that, if the absconding debtor had left
a wife or an adult son or daughter, the law would allow the exemp-
tion to be claimed, but would refuse its protection when the de-
serted family consisted only of the young and helpless. Such
a construction of the statute would overlook entirely the main
purpose of the exemption law; for, although the exemption is

allowed the debtor, it is given to him in part at least for the protection of his family, who need it all the more when deserted by him during early infancy. The claim of exemption, being made in behalf of the children, and not for the debtor as head of the family, was somewhat informal; but, as before stated the affidavit attached to the schedule states all facts required to show that the debtor was entitled to the exemption. As no special objection was made to the form, the court will consider the substance rather than the form of the proceeding.

A majority of the judges are of the opinion that this case comes within the scope and purpose of the exemption law, and think that the exemption was properly allowed.

Judgment affirmed.