## HALL *v.* ROULSTON.

Opinion delivered April 19, 1902.

1. EVIDENCE—FOREIGN JUDGMENT—AUTHENTICATION.—A certified copy of a decree of divorce, rendered in a court of a sister state, is inadmissible to prove that a divorce was granted, unless accompanied by a transcript of all the pleadings and proceedings on which the judgment is founded. (Page 345.)

2. HOMESTEAD—ABANDONMENT.—Where a husband wrongfully deserted his wife, leaving her in possession of the homestead, which belonged to them as tenants by the entirety, it will be presumed that he intended to return, and not to abandon the homestead. (Page 345.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Reversed.

This is the second appearance of this case in this court. It was brought here first by appellee, and was reversed and remanded. *Roulston* v. *Hall,* 66 Ark. 305. The action was originally brought by appellee for partition, and was afterwards converted into a suit of ejectment. Appellee, who is the plaintiff in the action, seeks to recover by his complaint an undivided half of a lot of land in the city of Hot Springs, 75 by 100 feet in size, basing his claim upon a deed from one Ben Hall executed on the 9th day of June, 1893.

Appellant filed her answer in the action, denying appellee's title and right to possession, and setting up as a defense that the land was owned by her and Ben Hall as joint tenants through purchase from one Smith; that at the time of the execution of the deed by Ben Hall to appellee, under which appellee claims, she and Ben Hall were husband and wife; that the land was their homestead, and that she did not sign or acknowledge said deed, which was, therefore, void under the act of March 18, 1887.

To rebut the appellant's claim of homestead in her husband's half interest in the land, appellee relied upon the fact that in 1892 Ben Hall obtained a divorce from appellant. To establish this he offered in evidence a certified copy of the decree of the probate court of Shelby county, Tennessee, granting a divorce to the plaintiff in the case of Ben Hall against Adeline Hall. Appellant objected to the introduction of this evidence for the reason that the pleadings and other proceedings in the cause were not produced. Appellee further relied upon the fact that, before the execution of appellee's deed, Ben Hall had left his home and deserted his wife, and consequently had abandoned his homestead. There was evidence that the desertion was without cause.

The court refused to give to the jury the following instruction, as requested by appellant, to which appellant excepted: "4. The presumption is that when a husband deserts his wife and family without cause he will return to them again, and, if you should find that Ben Hall wrongfully deserted his family and went away from home, the presumption is that it was not a permanent abandonment, but that he would return to his home and family again."

*Wood & Henderson,* for appellant.

It was improper to admit the decree of the Tennessee court in evidence without a showing of the connection of the parties in the case.   27 Ark. 120; 23 La. Ann. 80.   The matter of alimony is within the jurisdiction and discretion of the court.   59 Ark. 441; Sand. & H. Dig., § 2514.   The decree rendered in the case between appellant and Ben Hall is not erroneous.   20 Pac. 156; 3 B. Mon. 90; 21 Ohio St. 657; 20 Ark. 85; 57 Ark. 97; 17 Ark. 203; 23 Ark. 336.   The court erred in refusing to instruct the jury that the home of the husband is presumed to be where the wife and family reside.   10 Am. & Eng. Enc. Law (2d Ed.), 23; 25 Kan. 103; 60 Am. Dec. 135; 13 Me. 225; 15 Me. 58; 17 N. H. 235; 36 N. W. 45; 1 Greenl. Ev. § 41.   Appellee's deed is void.   57 Ark. 242; 62 Ark. 431; 64 Ark. 494; 60 Ark. 269.

*Z. T. Roulston,* for appellee.

The decision in 66 Ark. 305 covers all the questions raised in the cause.

HUGHES, J.   To maintain an action on a judgment, a certified copy of the judgment alone is not sufficient, but all the pleadings and proceedings on which the judgment is founded, and to which as matter of record it necessarily refers, must be produced. *Hallum* v. *Dickinson,* 47 Ark. 120.   Each state of the American Union must give the same effect within its limits to the judicial decrees of every other state, which such decrees have in the state where they are rendered.   Const. U. S., art. 4, § 1.   The record or proceedings of the Tennessee court in the cause was the proper transcript to present to enable the court in Garland county, in this state, to ascertain how far it is conclusive in the state of Tennessee, where it was rendered.   If it is without effect there, it is without effect here.   *McLaren* v. *Kehler,* 23 La. Ann. 80; 2 Black, Judgments, §§ 859, 877.   The certified copy of the Tennessee decree was not admissible in evidence without the complete record.   It was error to admit it.   It is evidence only that such a decree was rendered, but does not show that the court had jurisdiction of the subject-matter.   Black, Judgments, §§ 928, 929.

The fourth instruction asked for by the appellant and refused by the court should have been given.   Where a husband wrongfully and without cause deserts his wife, it is a reasonable presumption

that he will return to her again, and that the abandonment is not permanent but temporary. It would in such a case certainly be right that he should do so, and that he should not persist in a wrong, and that the law will not presume a man guilty of a wrong, but rather presumes that he will do right because it is his duty to do right. But it has been frequently decided that what amounts to an act of desertion by the husband cannot have the effect of changing the home of either the husband or his deserted family. The grounds upon which this question was so decided in *Moore* v. *Dunning,* 29 Ill. 135, are that "this place still continued the home and residence of the husband, as well as his family, at least until it proved that he had acquired a home and a settlement elsewhere, and this the law can never assume he has done." The presumption is that he continues a wanderer, without a home, until he returns to his duty and his family. Thompson, Home. & Ex. § 277.

Reversed and remanded for new trial.