SOUTH OMAHA NATIONAL BANK v. BOYD.

Opinion delivered May 28, 1906.

1.  FRAUDULENT CONVEYANCE—HOMESTEAD.—A conveyance of his homestead by a married man can not be fraudulent as to his creditors. (Page 219.)

2.  SAME—INNOCENT PURCHASER.—One who purchases land for valuable consideration and without knowledge of or participation in his vendor's scheme to defraud his creditors is a *bona fide* purchaser. (Page 219.)

Appeal from Lonoke Chancery Court; *Jesse C. Hart,* Chancellor; reversed in part.

*A. H. Murdock* and *George Sibly,* for appellant.

1. The Nebraska judgment stands unappealed from and unreversed. Under the "full faith and credit" clause of the Federal Constitution, and the repeated decisions of this court, that judgment should have been recognized by the lower court. 52 Ark. 160; 35 Ark. 331; 30 Ark. 469; 47 Ark. 17; 13 Ark. 33. Neither the question of fraud nor want of jurisdiction in the court rendering the judgment is raised by the pleadings or evidence. It stands upon the same footing as a domestic judgment. 11 Ark. 157.

2. Tewksberry and wife have not appeared. The complaint as to them must be taken as true. Under the pleadings and exemplification of the Nebraska record, a valid judgment exists against Tewksberry. In any event plaintiff is entitled to judgment against his estate, and the circuit court erred in not rendering it. 13 U. S. Sup. Ct. Rep. 614.

3. The judgment is contrary to, and not supported by, the evidence. A voluntary transfer of property while the grantor is unable to pay debts raises a presumption of fraud as to existing creditors. 56 Ark. 73; 50 Ark. 42; 59 Ark. 614; 55 Ark. 59; 23 Ark. 494; 69 Ark. 224; *Ib.* 350; 66 Ark. 455. The circumstances, relations of the parties and their subsequent conduct in the management of the property warrant the presumption of fraud. 41 Ark. 186. The transfer being voluntary, it is not necessary to show that Mrs. Maxwell participated in the fraud. 46 Ark. 542; 34 Pac. 1009; 48 Pac. 809. Where one exercises the right to make a gift to wife, children or relative, he can only do so by making provision for the payment of debts. 54 U. S. 93; 91 U. S. 479; 52 N. W. 401. Mrs. Maxwell could not convey to Prosser by consent and direction of Tewksberry. 67 Ark. 105; 66 Ark. 419.

4. As to the defendant Sperry and intervener Prosser, it was error to dismiss the complaint for want of equity. Their alleged purchases were made after the institution of this suit, and they can not claim as innocent purchasers. 16 Ark. 175; 12 Ark. 425; 67 Ark. 571; Bigelow on Fraud, 396; 20 Ala. 732;

92 Ind. 310; 29 N. J. Eq. 554. The burden is upon those claiming through Mrs. Maxwell to show that they are entitled to the property by virtue of a good  consideration, as against creditors whose debts existed at the time of the transfer to her. 68 Ark. 162; 23 Ark. 494. Appellees were not justified in relying on the abstract. They should have caused a search of the records to be made, and, having failed to do so, must abide the consequences of their own negligence. 60 Neb. 625; 63 Neb. 99.

It was not necessary for appellant to reduce its claim to a judgment in this State before instituting this action to set aside a fraudulent conveyance. 66 Ark. 486. It was error to dissolve the attachment. Kirby's Digest, § § 3310, 3311.

*Trimble, Robinson & Trimble,* for appellees.

1. The attachment was properly dissolved. The statute under which appellant proceeded has reference solely to domestic judgments. An execution could not be issued on the Nebraska judgment until after judgment thereon in this State. Sutherland, Notes on Const. 565, and citation; 146 U. S. 685; 20 Blatchf. 524; 12 Fed. 376; 13 Fed. 417.

2. The land sold to Sperry was the homestead of Tewksberry, and not subject to appellant's claim. 52 Ark. 101; 44 Ark. 180; 43 Ark. 429; 57 Ark. 242; 52 Ark. 493; *Ib.* 547; 31 Ark. 546; 57 Ark. 331. Prosser purchased and paid for his tract before this suit was brought, and the judgment in Nebraska was no lien on lands in Arkansas. 1 Black on Judgments, 2 Ed. 655. *Lis pendens* does not operate upon parties whose rights were acquired anterior to the commencement of suit. 1 Freeman on Judgments, 4 Ed. 366, § 201. Even if these facts did not exist, the Nebraska judgment would not have been *lis pendens* in regard to the title. 1 Black, Judg. (12 Ed.), 641; *Ib.* 633, par. 400.

3. The record not being fully set forth in the transcript, the presumption is in favor of the correctness of the decree. 2 Ark. 14; *Ib.* 73; 9 Ark. 535; 57 Ark. 304; 58 Ark. 448.

4. The services rendered, and the money expended by Mrs. Maxwell, in the care of Tewksberry, constitute a valuable consideration in the deed to her. 6 Am. & Eng. Enc. Law (2 Ed.), 703; *Ib.* 719; *Ib.* 693; 91 Tenn. 163.

*George Sibly,* for appellant, in reply.

The proof is conclusive that the deed from Tewksbury to Ida Smith was without any consideration whatever. The claim of Mrs. Maxwell shows on its face that it is fictitious and void and made to assist Tewksberry in defrauding his creditors. Her own deposition negatives her contentions that her account was the consideration for the deed, and that Fletcher acted as her agent.

McCulloch, J. John S. Tewksberry was the owner of a tract of 320 acres of land in Lonoke County—the east half of section 32, in township 2 north, range 8 west—and one George Burke obtained a judgment against him in the sum of $3,620 in Douglas County, Nebraska. Said judgment was assigned to appellant, a national banking corporation, and this suit was brought by appellant against Tewksberry and Mrs. Anna M. Maxwell, to whom he had conveyed a portion of the land, to cancel said conveyances and subject the land to the satisfaction of said judgment. It is alleged in the complaint that Tewksberry conveyed the northeast quarter of said section to one Ida Smith in February, 1896, and on March 2, 1898, caused said Ida Smith to convey the same to defendant, Mrs. Maxwell, who was his wife's niece, and that both of said conveyances were made without consideration, and for the fraudulent purpose of cheating and hindering his creditors, and especially appellant in the collection of said debt. The Nebraska judgment was rendered on July 31, 1899, upon a cause of action alleged to have arisen during the year 1887.

Subsequently appellee Frank Sperry was made defendant by amendment to the complaint, alleging that he purchased the southeast quarter of said section from Tewksberry since the institution of the suit, but with full notice of the pendency of the suit. Sperry answered, alleging that said tract was occupied by Tewksberry as his homestead at the time of the conveyance, and that he purchased without actual knowledge of the pendency of the suit.

Subsequently appellee John J. Prosser filed his intervention, claiming that Mrs. Maxwell had sold and conveyed the northeast quarter of said section to him for a valuable consideration before the commencement of the suit, and that he had no notice of the

alleged fraudulent design of Tewksberry and Mrs. Maxwell to defeat the collection of the debts of the former. Tewksberry died during the pendency of the cause below, and as to him the cause was revived in name of J. C. Boyd, special administrator.

The cause was heard upon the pleadings and depositions of witnesses, and the chancellor dismissed the complaint for want of equity.

The proof is clear that the southeast quarter of said section was the homestead of Tewksberry, and that he was a married man, and resided upon the same as his homestead at the time he sold and conveyed to Sperry. Therefore the conveyance of that tract was not fraudulent and void as to creditors. *Bogan* v. *Cleveland,* 52 Ark. 101; *Pipkin* v. *Williams,* 57 Ark. 242; *Gibson* v. *Barrett,* 75 Ark. 205.

The tract conveyed to Prosser by Mrs. Maxwell (northeast quarter of the section) stands in a different attitude in the case. It was not a part of the homestead. Mrs. Maxwell undertakes to prove a consideration for the conveyance to her of this tract, and to exonerate herself from the imputation of knowledge of or participation in the fraudulent scheme of Tewksberry to defraud his creditors, but she fails to do this satisfactorily. She was closely related to Tewksberry, and received this conveyance from him without payment of any money. She brings in an account against him aggregating $1,100 for services as nurse while he was sick, expenses of carrying him back to Nebraska from Lonoke, for board and attention while in Nebraska at $75 per month, and board for another period of six months at $25 per month, and for board of his wife for two years. No money seems to have passed between the parties during those important transactions covering a period of two years, and nearly all of this alleged debt was incurred after the conveyance of the land to Mrs. Maxwell.

The whole transaction is so unusual that, without corroboration, it is too unsatisfactory to be accepted as establishing its fairness and the good faith of the grantee in a conveyance from one near relative to another which deprives creditors of the opportunity to enforce payment of their just demands against the grantor. If the title remained in Mrs. Maxwell, we would have no hesitancy, upon this proof, in setting aside the conveyance to

her.   But the grantee, Prosser, the present owner of that tract, appears to be an innocent purchaser.   He bought the land from Mrs. Maxwell through her agent, Fletcher, before the commencement of this suit, and paid the purchase price.   This suit was instituted on July 23, 1902, and the deed of conveyance from Mrs. Maxwell to Prosser is dated and was acknowledged on June 17, 1902, but was not filed for record until August 27, 1902.   Mrs. Maxwell resided in Omaha, Nebraska, and left the land in charge of her agent, W. P. Fletcher, a real estate agent and abstracter of titles, at Lonoke, Arkansas.   Prosser was a resident of the State of Missouri, and came to Lonoke County for the purpose of buying a tract of land.   Fletcher sold him this tract, and sent the deed to Nebraska to Mrs. Maxwell for execution.   She returned the deed to Fletcher, who delivered it to Prosser and received payment of the purchase price.   We think the testimony is sufficient to justify the conclusion that the sale and conveyance to Prosser was consummated and the purchase price paid before the commencement of this suit, and that he purchased without any knowledge of or participation in Tewksberry's scheme to defraud his creditors.   This being true, the chancellor was right in dismissing the complaint as to this tract of land.

The plaintiff was, however, entitled to a decree against the estate of Tewksberry for recovery of the amount of balance shown to be due on the Nebraska judgment, with interest and cost of suit, and the chancellor erred, to that extent, in dismissing the complaint.   The cause is therefore remanded with directions to enter such a decree.   The decree is affirmed as to Sperry and Prosser and the tracts of land claimed respectively by them.