HOSKINS *v.* FAYETTEVILLE GROCERY COMPANY.

Opinion delivered June 18, 1906.

1.  CHATTEL EXEMPTION—CLAIM BY WIFE OR MINOR CHILD.—Where a married man and head of a family deserted his family and left the State, his wife or minor children could make the claim of chattel exemptions.  (Page 400.)

2.  SAME—FRAUDULENT SALE.—Where all the personal property of an absconding debtor did not exceed the amount he was entitled to claim exempt from execution, his creditors could not complain of a sale of it made either by the debtor himself or by his wife.  (Page 400.)

3.  FRAUDULENT CONVEYANCE—INNOCENT PURCHASER.—One who pays full value for merchandise without knowledge or notice that the vendor is indebted is an innocent purchaser.  (Page 400.)

4.  SAME—EXCHANGE OF PROPERTY.—A creditor can not complain of an exchange of the debtor's property subject to execution if it was exchanged for other property of equal value and alike subject to execution.  (Page 401.)

Appeal from Madison Chancery Court; *T. H. Humphreys,* Chancellor; reversed.

*Harris & Ivie,* for appellant.

The court had no jurisdiction.  No warning order was ever made upon the complaint.  Kirby's Digest, § 6065; 71 Ark. 322; 55 *Id.* 30; 70 *Id.* 409.  The judgment debtor is an indispensable party.  8 Am. & Eng. Enc. Law, 775; Pomeroy, Rem. & Rem. Rights (1 Ed.), § 447.  Actions like this are based on the fraudulent intent to hinder and delay creditors and a participation by the debtor's vendee in such intent.  17 Ark. 146; 31 *Id.* 554; 41 *Id.* 316.  The insolvency also must be shown.  The sale under the evidence was not fraudulent.  Kirby's Digest, § § 3658-9; 2 Ark. 251; 63 *Id.* 416; 11 *Id.* 411.  Bailey had less than the law allowed as exempt, and his wife could claim the exemptions.  Kirby's Digest, § 6019; 31 Ark. 554; 54 *Id.* 193; 57 *Id.* 331; 52 *Id.* 547.

The appellee, *pro se.*

The court had jurisdiction.  J. M. Bailey was not a necessary party.  8 Am. & Eng. Enc. Law, 776.  A warning order was issued, and an attorney *ad litem* appointed.  71 Ark. 322; Kirby's Digest, § 6055.  Actual knowledge of the fraud was not

necessary; only knowledge of facts sufficient to put a prudent man on inquiry. 58 Ark. 446; 55 *Id.* 579; 50 *Id.* 320. The evidence was ample. 58 Ark. 446; 52 *Id.* 547; 55 *Id.* 579. The burden was on appellants to show that the debtor owned less property than his legal exemptions, and this they failed to do. 52 Ark. 547.

McCULLOCH, J. Jas. M. Bailey owned a small stock of merchandise, and was indebted to appellee, Fayetteville Grocery Company, in the sum of $147.39 for merchandise purchased from the latter. He deserted his family, and left his stock of goods in the possession of his wife and son, and they sold it to appellant Hoskins for the sum of $375, which is shown to be the fair value thereof. Appellant paid for the goods by the delivery to Mrs. Bailey of two mules valued at $100 each, and a lot of cattle of sufficient value to make up the balance of the agreed price of the goods. The Grocery Company brought this suit in equity to cancel the sale of the merchandise to appellant, and to subject the same to the payment of its debt. The chancellor granted the relief prayed for, and the defendants appealed.

We are of the opinion that the chancellor erred in holding that the sale of the goods was fraudulent.

There is no proof of express authority on the part of Bailey's wife and son to sell the goods; but Bailey is not complaining, and appellant is not, under the circumstances of this case, in a position to do so. Bailey was a resident of the State, the head of a family, and was entitled to hold as exempt, personal property of the value of $500. The right to claim the exemption was not forfeited because he deserted his family and left the State. His wife or minor children could make the claim of exemptions. *White* v. *Swann,* 68 Ark. 102; *Hollis* v. *State,* 59 Ark. 211; *Hall* v. *Roulston,* 70 Ark. 343.

The proof shows conclusively that all the personal property of Bailey, the debtor, including the merchandise sold to appellant, did not exceed in value the sum of $500, and was therefore exempt from execution. His creditors were in no position to complain of a sale of it made either by the debtor himself or by his wife. *Bogan* v. *Cleveland,* 52 Ark. 101; *Sims* v. *Phillips,* 54 Ark. 193.

The evidence, moreover, entirely fails to show participation

by appellant Hoskins in any fraudulent design to hinder the collection of Bailey's debts.   He paid full value for the merchandise, or rather gave property of equal value in exchange for it, and did so in ignorance of the fact that Bailey was indebted to the Grocery Company.   He made inquiry as to any indebtedness of Bailey, and was told that he owed no one.   The property (mules and cattle) which he gave in exchange was as much subject to execution and within reach of Bailey's creditors as the merchandise was before the sale to Hoskins, so the creditors were not injured or in any way hindered in the collection of debts by the exchange.

Upon any view of the evidence, the decree was erroneous, and must be reversed and the cause remanded with directions to enter a decree dismissing the complaint for want of equity. It is so ordered.