## BINION *et al.* v. LYLE.

No. 746.    Opinion Filed March 21, 1911.

(114 Pac. 618.)

1.    PLEADING—Amendment—Conformity to Proof.    The petition should be allowed amended so as to conform the pleading to the proof, where no prejudice results to the opposite party.

2.    APPEAL AND ERROR—Review—Verdict.    Where the evidence reasonably tends to support the verdict, the judgment of the trial court will be affirmed.

3.    EXEMPTIONS—Persons Entitled to Claim—Personalty.    Where personal property reserved to the family by an act amending section 1, c. 34, of Rev. Stat. 1893 (Sess. Laws of Okla. 1905, c. 18 sec. 1), is attached and sold by the sheriff for the debt of the husband,

. **held** that, he failing so to do, the wife may claim the same as exempt and sue for a conversion thereof.

(Syllabus by the Court.)

*Error from Oklahoma County Court; D. B. Welty, Special Judge.*

Action by Ella Lyle against M. C. Binion and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Grant Stanley,* for plaintiffs in error.

*A. B. Honnold,* for defendant in error.

TURNER, C. J. On March 5, 1908, Ella Lyle, defendant in error, sued M. C. Binion and H. E. Ruble, plaintiffs in error, before a justice of the peace in Oklahoma county in damages for the conversion of three head of cattle theretofore attached and sold by said Binion as sheriff of said county for a debt of her husband due said Ruble. She alleged title in herself. After judgment in her favor there was trial anew in the county court with like result, and defendants bring the case here. In maintaining the issue on her part, the testimony developed that, whether the property belonged to her or her husband, it was within the protection of an act entitled "An act amending section 1 of chapter 34 of the Revised Statutes of 1893 of Oklahoma Territory, exempting property from forced sale" (Sess. Laws of Okla. 1905, p. 255, c. 18), section 1 of which, among other things, "reserves to every family residing in the territory exempt from attachment or execution and every other species of forced sale for the payment of debts * * * five milch cows and their calves under six months old." Accordingly, she, when met at the close of the testimony for plaintiff with a demurrer to the evidence, which was overruled, over objection, by leave, and to conform to the testimony, filed an amended and substituted bill of particulars claiming title in herself; that the cattle were exempt; that they had been levied upon, and converted by defendants; and prayed judgment. To overcome the *prima facie* case made on the issues thus tendered, defendants introduced their testimony, at the close

of all of which on both sides, and after instructions by the court, there was verdict and judgment as stated.

It is assigned that the court erred in permitting said amendment. Wherein is not stated, and the same is not discernible to us. Since our statute on amendments is very liberal, and it has frequently been held that amendments should be allowed to conform the pleading to the proof (3 Am. & En. Enc. Law & Prac. 729), especially, as here, where no prejudice was done or claimed to have resulted to the opposite party, we are of opinion that the court exercised his discretion fairly in permitting plaintiff so to do, and for that reason there was no error. If defendants by this intend to raise the objection that plaintiff had no legal capacity to sue because, as they say, exemption is a personal privilege to be asserted in this instance, if at all, by the husband, we answer that, under our statute, said objection is a ground of demurrer which should have been thus urged to the pleading when amended. Not having been so raised, it is waived. Wilson's Stat. Okla. § 4295. Nor is there prejudicial error in the instruction of which plaintiff in error next complains. It reads:

"You are further instructed that, among other things, there is reserved and exempt property to every family residing in the state of Oklahoma and not subject to execution or attachment or any other species of forced sale to the payment of debt, five milch cows and their calves under six months old, and that every head of a family, or his legal representatives, has a right to claim such exemption unless the debt is due for rent or advances made by the landlord to his tenant prior to the 16th day of November, 1907. and if you find from the evidence that the cattle in question in this case were all of them milch cows, or were kept as such, and were part of the milch cows to which the family of the plaintiff was entitled as exempt, and that said exemption was properly claimed by the husband of this plaintiff or his legal representatives, then it is your duty to find for the plaintiff."

This for the reason that we know of no law sustaining the charge that only the head of the family or his legal representative has a right to claim such exemptions and making plaintiff's right to recover contingent upon his or their exercise of that

right, where, as here, said exemptions are to the family and not to "the head of the family," and where, as here, the husband fails to claim the exemption. Rather do we think, in view of the burden imposed on her by this instruction, that it was a wonder plaintiff recovered at all, as the evidence discloses no such claim was ever made. Rather will we hold, as the exemption is specific and is reserved to "every family" and not to the "head of the family," that the wife, being as well a member of the family as her husband, can claim the right where he fails to do so.

In *Hoskins et al. v. Fayetteville Grocery Co.,* 79 Ark. 399, 96 S. W. 195, one Bailey owned a small stock of merchandise and was indebted to the appellee $147.39. He deserted his family and left the state leaving the stock of goods in possession of his wife and son who sold it to the appellant. Appellees attached it for their debt, alleging the sale to be in fraud of creditors. Bailey, being a resident of the state and the head of a family, was entitled to hold as exempt personal property of the value of $500. The property sold did not exceed said sum in value and was exempt. His wife and minor children claimed it as such in the trial court against the attaching creditor. The Supreme Court on appeal held they had a right so to do and that the same was exempt, citing *White v. Swann,* 68 Ark. 102, 56 S. W. 635, 82 Am. St. Rep. 282; *Hollis v. State,* 59 Ark. 211, 27 S. W. 73, 43 Am. St. Rep. 28; *Hall v. Roulston,* 70 Ark. 343, 68 S. W. 24.

In *White v. Swan, supra,* White commenced a suit in attachment before a justice of the peace against Wheeler for $33.84. He alleged as grounds therefor that Wheeler concealed himself so that summons could not be served upon him. The attachment was levied upon certain personal property and a judgment obtained ordering it to be sold to satisfy the debt. Thereupon the grandfather of the children of Wheeler appeared as their next friend and filed a schedule for them claiming the property as exempt from execution. In the petition and affidavit to the schedule as amended

in the circuit court, he stated that Wheeler had abandoned his family and left for parts unknown; that at that time he was a resident of Arkansas and the head of a family consisting of himself and four minor children, the oldest of whom was 12 years of age; that the mother of the children was dead; that the property claimed as exempt was left by Wheeler in the possession of the children; and that without it the children would be left destitute. Plaintiff demurred to the petition and affidavit and claim of exemption, which was overruled both by the justice of the peace and the circuit court. On appeal the Supreme Court held this no error; and, after stating that as one of the chief objects of the homestead and exemption laws is to protect the family from destitution and want, such laws are to be given a liberal construction in order as far as possible to carry into effect the beneficent purpose for which they are intended, that, nothing being shown to the contrary, the court will presume that Wheeler in leaving his home and family did not intend permanently to abandon them, and that the presumption was that he was only temporarily absent, said:

"But, when the head of the family, having the right to claim exemptions, is absent, it has been decided that not only his wife, but a son or daughter, may interpose and claim the exemption for him. Any person may do this who is authorized to take charge of and protect the property and rights of the debtor during his temporary absence. And this authority need not be expressly given, but may be presumed from circumstances. *Wilson v. McElroy,* 32 Pa. 82; *Waugh v. Burket,* 3 Grant's Cases (Pa.) 319; *Regan v. Zeeb,* 28 Ohio St. 483; Thomp. Homest. & Ex. § 829; Wap. Homest. p. 877. * * * Although the exemption is allowed the debtor, it is given to him in part, at least, at the protection of his family, who need it all the more when deserted by him during early infancy. The claim of exemption, being made in behalf of the children, and not for the debtor as head of the family, was somewhat informal; but, as before stated, the affidavit attached to the schedule states all facts required to show that the debtor was entitled to the exemption. As no special objection was

made to the form, the court will consider the substance, rather than the form, of the proceedings"

—and affirmed the judgment of the lower court.

We are therefore of opinion that, plaintiff being in rightful possession of the property at the time of the levy and sale, and her husband being temporarily absent, it is but fair to presume, if authority was needed, that it had been given by him to her to claim the property as exempt; and for that reason, if no other, her claim will be sustained.

We are further of the opinion that the amendment having been rightfully made, and the cause having gone to the jury under instructions of which defendants cannot complain, submitting to the jury the questions of whether the title to the property at the time of the levy was in plaintiff or her husband and whether the property was exempt to the family, having both been found in favor of plaintiff, and there being evidence reasonably tending to support the verdict on both issues, we will not disturb it.

Affirmed.

