## ACKER, TRUSTEE, *v.* DEVORE.

### Opinion delivered March 27, 1916.

1. CLOUD ON TITLE—SHERIFF'S DEED—LINE OF TITLE—INNOCENT PURCHASERS.—Land was sold at a sheriff's sale and purchased by plaintiffs. Before the execution and sale the original owners had conveyed the property to defendant's grantees. In an action by plaintiffs to quiet their title, *held*, that the conveyance being made to defendant's grantors before the sheriff's sale, that the defendant was not required to take notice of the sheriff's deed.

2. JUDGMENTS—CLOUD ON TITLE JUDGMENT IN ANOTHER COUNTY—LIS PENDENS.—A judgment rendered in the Mouroe circuit court, will not be a lien upon defendant's lands in Arkansas county, no copy of the judgment having been filed for record in Arkansas County, and the sheriff of Arkansas County, holding an execution, not having complied with the *lis pendens* statute.

Appeal from Arkansas Chancery Court; *Jno. M. Elliott*, Chancellor; affirmed.

*W. N. Carpenter* and *Manning, Emerson & Morris*, for appellant.

1. The conveyances were fraudulent and void as to creditors. 73 Ark. 174; 46 *Id.* 542; 45 *Id.* 520; 8 *Id.* 261; 14 *Id.* 69; 106 *Id.* 230; Kirby's Dig., §§ 365-8; 59 *Id.* 614; 110 *Id.* 350; 96 *Id.* 531; 55 *Id.* 59-64.

2. Devore was not an innocent purchaser; he had constructive notice of the sheriff's deed to Hattie Carpenter. Kirby's Dig., § 762; 14 Ark. 294; 16 *Id.* 543; 28 *Id.* 825.

3. Farmer was insolvent; a judgment was standing against him; execution had been issued and returned showing no property found. While thus insolvent, he conveyed to his cousin. In a short time the cousin conveyed back to his wife. *Prima facie,* at least, this was a fraud. 46 Ark. 542. Besides, the testimony shows Farmer deliberately planned these transfers to defeat creditors.

*Botts & O'Daniel,* for appellee.

1. Plaintiff shows no title and must fail. He must recover on the strength of his own title. 73 Ark. 350; 94 *Id.* 306; 37 *Id.* 643; 97 *Id.* 370; 90 *Id.* 423.

2. Devore had no actual or constructive knowledge of the alleged fraud. He was an innocent purchaser. 79 Ark. 215, 399; 25 *Id.* 223. Neither Acker nor Carpenter were innocent purchasers. A purchaser at a judicial sale or execution sale acquires no better title than the party whose property is sold.

3. The judgment was no notice to Devore. Kirby's Digest, § 5152-3, 5149; *Hudgins* v. *Schultice,* 118 Ark. 139.

WOOD, J. This suit was brought by the appellants against the appellee to quiet title to a certain tract of land in Arkansas County. Plaintiffs alleged that the land in suit was sold by I. W. Ingram, trustee, and W. N. Carpenter to C. M. Farmer on October 10, 1903; that subsequent to that time a judgment was obtained against C. M. Farmer and W. N. Carpenter in the Monroe Circuit Court; that the land in suit was sold under an execution issued on that judgment and purchased by Hattie O. Carpenter; that Hattie O. Carpenter conveyed the land to Clinton Acker, as trustee for the children of W. N. Carpenter, the plaintiffs; that the defendant Wm. DeVore claimed an interest in the land. Plaintiffs alleged that the claim of Devore was a cloud upon their title; that Devore deraigned title from the same source as plaintiffs, and

they asked that Devore's title be set aside and cancelled as a cloud upon their title.

The defendant, in his answer, denied every allegation of the complaint, and set up that the judgment mentioned in the complaint was not a lien upon the land in controversy; that no *lis pendens* notice was filed in Arkansas County, and that defendant was an innocent purchaser.

The court found that appellee was an innocent purchaser for value and entered a decree dismissing appellants' complaint and quieting title in appellee. Whether this finding and decree of the court was correct, is the only question we need consider on this appeal.

Appellants, the trustees, and the beneficiaries, deraigned title through a deed from Hattie O. Carpenter, who purchased the land in controversy under an execution issued against C. M. Farmer. The deed of W. N. Carpenter and Hattie O. Carpenter to Acker, the trustee, under which appellants claim, was executed December 30, 1905, and was recorded in Arkansas County, where the land was situated, January 1, 1907. As early as 1904, C. M. Farmer conveyed the land in controversy to Fred Farmer, and in about three months thereafter, Fred Farmer conveyed the land to Mrs. C. M. Farmer. The deed from C. M. Farmer and wife, under which appellee claims title was executed March 28, 1906, and was filed for record and recorded in the county where the land is situated the 31st of March, 1906. It therefore appears that the deed under which appellants claim title was not recorded until about one year after appellee's deed was recorded.

(1) The deed from Farmer and wife to appellee Devore recited a consideration of $3,840, and it is not contended by the appellants that he was not a purchaser for value. True, the sheriff's deed to Hattie O. Carpenter was executed January 2, 1906, and recorded January 23, 1906, in the county where the land was situated, and was therefore executed and placed on record before appellee obtained his deed from Farmer and wife. But this sheriff's deed to Hattie O. Carpenter, although placed on rec-

ord before appellee obtained his deed, did not affect the
rights of appellee as an innocent purchaser for value.
There is no allegation and proof that appellee knew at
the time he purchased from Farmer and wife that his
grantors were indebted to Acker or to any one else. The
question of the rights of Hattie O. Carpenter as a grantee
in the sheriff's deed can not be considered here for she
was in no way a party to this suit. There is no evidence
in the record to warrant a finding that appellee was in any
manner connected with the alleged fraud in the convey-
ance by the Farmers of the lands in controversy to de-
fraud their creditors, if there was in fact such conveyance,
constructive notice of the sheriff's deed to Hattie Carpen-
ter and her quitclaim deed would not have put appellee on
notice or have made him a party to any conveyances made
by the Farmers or Carpenter to defraud creditors. See
*Kerr* v. *Birnie,* 25 Ark. 225. C. M. Farmer, having
conveyed the land to Fred, and he to Mrs. C. M. Farmer,
before the sale under execution, the sheriff's deed was not
in the line of title of appellee, and he did not have to take
notice thereof.

Conceding, without deciding, that appellee's vendor
had made prior conveyances of the property in contro-
versy to defraud creditors before appellee purchased, still
appellee, having no knowledge of, and being in no manner
connected with, such fraud, and having no knowledge that
his vendor was even indebted to any one, so far as the
proof in this record shows, would be protected as an in-
nocent purchaser for value. See *South Omaha National
Bank* v. *Boyd,* 79 Ark. 215; *Hoskins* v. *Fayetteville Gro.
Co.,* 79 Ark. 399.

(2) The judgment against C. M. Farmer, rendered
in the circuit court of Monroe County, in May, 1903, and
under which the lands were sold and purchased by Hattie
Carpenter, was not a lien against the land in controversy,
because the same was situated in Arkansas County, and
no copy of the judgment was filed for record in Arkansas
County, and the sheriff of Arkansas County, who held the
execution, did not comply with the *lis pendens* statute.

Kirby's Digest, § § 5149 to 5154, inc.; *Hudgins* v. *Schultice,* 118 Ark. 139.

The decree is therefore correct, and it is affirmed.